FILED

2020 NOV 19  PM 3: 37

DARLENE MASSINGILL
CONWAY COUNTY
CIRCUIT CLERK
_____ D.C.

IN THE CIRCUIT COURT OF CONWAY COUNTY, ARKANSAS
CIVIL DIVISION

**EILEEN PETE, on behalf of herself**
**and all others similarly situated**                                    **PLAINTIFF**

v.                                   15 CV - 20 - 227

**STATE FARM MUTUAL AUTOMOBILE INSURANCE**                    **DEFENDANT**
**COMPANY**

## COMPLAINT—CLASS ACTION

Comes now the Plaintiff, Eileen Pete, by and through her undersigned attorneys with the Law Offices of Alan LeVar, and brings this action on behalf of herself, individually, and as a Class Action on behalf of a proposed Class of similarly-situated persons (collectively hereinafter referred to as "Plaintiffs"), defined below, against Defendant, State Farm Mutual Automobile Insurance Company, (hereinafter referred to as State Farm), and for her complaint, states the following:

### I. INTRODUCTORY STATEMENT

1.      This claim is brought pursuant to this Court's jurisdiction over breach of contract claims and claims for declaratory judgment.

2.      Venue is proper, pursuant to Ark. Code Ann. §16-60-109 in that at all times relevant hereto Plaintiff resided in Conway County, Arkansas.

Page 1 of 16


EXHIBIT
A

## II.  PARTIES

3.      Plaintiff, Eileen Pete (hereinafter "Ms. Pete"), at all times relevant to this action was a resident of Morrilton, Conway County, Arkansas.

4.      The Class is represented by Eileen Pete.

5.      At the time of the incident described herein, Defendant, State Farm Mutual Automobile Insurance Company, (hereinafter "State Farm") is an insurance company registered and licensed to sell automobile insurance in Arkansas.   Its agent for Service of Process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

6.      State Farm Mutual Automobile Insurance Company sold insurance policy No. 2398864F2304E to Ms. Pete, and said policy provided underinsured motorist coverage. Said policy was in force at all times pertinent to this litigation. A certified copy of the certificate of coverage has been requested and will be attached to the Amended Complaint once it is provided. Subject to the foregoing, Plaintiff incorporates the terms and conditions of the policy of insurance by reference and will request a complete and certified copy of the policy of insurance from Defendant through discovery.   Upon receipt, Plaintiff will amend her complaint in accordance with Ark. R. Civ. P. 10.    Plaintiff is entitled to recover underinsured benefits from State Farm Mutual Automobile Insurance Company on the terms and conditions of the policy agreement.

7.      This is a class action whereby Plaintiff seeks for herself and all other similarly situated insured customers or former customers of Defendant, a finding that the Defendant violated Arkansas law when, as a common policy and general business practice, Defendant failed to properly value reasonable medical expenses by only paying two times the rate of what Medicare would pay for those same expenses.

Page 2 of 16

8.    Plaintiff further seeks for herself and all others similarly situated a declaratory judgment adjudicating that under Arkansas law, the definition of reasonable medical expenses is not two times what Medicare would pay.

9.    Plaintiff also seeks for herself and all others similarly situated a monetary award requiring Defendant to pay monetary restitution, monetary damages, plus pre-judgment and post-judgment interest, penalties, litigation costs, and attorney's fees, for breach of contract.

## III.   FACTS

10.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

11.    State Farm offered Ms. Pete underinsured an uninsured motorist coverage in her vehicle policy and promised that if Ms. Pete was involved in an automobile accident with an underinsured or uninsured motorist, State Farm would pay any and all damages, including reasonable medical expenses, in accordance with Arkansas law.

12.    Ms. Pete relied on State Farm's promise and agreed to include underinsured protection in her policy with the understanding that if she was involved in an automobile accident with an underinsured or uninsured motorist, State Farm would pay any and all damages, including reasonable medical expenses, in accordance with Arkansas law.

13.    Subsequently, Ms. Pete entered into a contract with State Farm and paid premiums to State Farm to ensure she was protected if she was involved in an accident with an underinsured or uninsured motorist.

14.    At no point, whether verbal or in writing, did State Farm inform Ms. Pete that they would not be valuing reasonable medical expenses in accordance with Arkansas law, or that State

Page 3 of 16

Farm would only be valuing two times the rate of what Medicare would pay in regard to medical expenses incurred from an accident with an underinsured or uninsured motorist.

15.    On or about December 28, 2019, at approximately 7:26 p.m., Plaintiff, Eileen Pete, was stopped for traffic on the Westbound off-ramp of I-40 at the intersection of Highway 9 in Conway County, Arkansas.

16.    At that time, Robert Whisenant, while traveling westbound on the I-40 off-ramp, failed to stop for traffic, causing him to collide with the rear of Plaintiff's vehicle.

17.    The collision resulted in property damage to each of the vehicles and serious personal injury to Plaintiff.

18.    Mr. Whisenant was negligent in the following respects:

    a)    failing to stop at the stop sign;

    b)    failing to yield to traffic already in the roadway;

    c)    failing to keep a proper lookout on the roadway;

    d)    failing to keep his vehicle under reasonable control;

    e)    failing to make proper use of the instrumentalities in his control so as to avoid an accident when he saw, or in the exercise of ordinary care should have seen the Plaintiff's vehicle; and

    f)    failing to bring his vehicle under control or to change or divert its course when he saw, or in the exercise of ordinary care should have seen that an accident was about to occur.

19.    These acts of negligence on the part of Mr. Whisenant, an underinsured motorist, are the direct and proximate cause of the injuries and damages suffered by Ms. Pete.

20.    As a proximate result of the negligence of Mr. Whisenant, Ms. Pete sustained multiple injuries including, but not limited to, serious injuries to her neck, left leg, and hip.

21.    As a further direct and proximate result of the negligence of Mr. Whisenant, Ms. Pete, suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

22.    Under the terms of Ms. Pete's policy, Mr. Whisenant is an underinsured motorist, and, therefore, Defendant has a duty to pay benefits in a sum consistent with her damages.

23.    Plaintiff's damages are in excess of the amount of Mr. Whisenant's policy limits of $25,000.00.

24.    Plaintiff submitted to Defendant proof of loss pursuant to Ark. Code Ann. § 23-89-209 and made a claim for underinsured motorist coverage under the policy she purchased from Defendant.

25.    Defendant has denied sufficient payment on this claim for UIM coverage due to its valuing the medical expenses at twice the amount that Medicare would pay, rather than valuing them in accordance with Arkansas law.

## IV.  CLASS ACTION ALLEGATIONS

26.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

27.    This action is brought by Plaintiff as a class action, on her own behalf and on behalf of all others similarly situated, under Rule 23 of the Arkansas Rules of Civil Procedure, for declaratory judgment, monetary restitution, monetary damages, plus interest, penalties, litigation costs, and attorney's fees. Plaintiff seeks certification of this action as a class action on behalf of

Page 5 of 16

the following class: Residents of the State of Arkansas who, during the Class Period of November 19, 2015 through the date of resolution of this action:

    a)    Have, had, or were covered under a contract of automobile insurance with Defendant which includes or included an optional "Underinsured" and/or "Uninsured" motorist coverage; and

    b)    Filed a claim under such coverage;

    c)    State Farm refused to value reasonable medical expenses in accordance with Arkansas law and the terms of the contract between Plaintiffs and State Farm; or

    d)    State Farm made payments under such coverage but did not value reasonable medical expenses in accordance to Arkansas law and the terms of the contract between Plaintiffs and State Farm.

28.    Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.

29.    The exact number of the class, as herein identified and described, is not known, but it is estimated to number in the thousands. The class is so numerous that joinder of individual members herein is impracticable.

30.    There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

Page 6 of 16

a)     Whether, throughout the Class Period, as a common policy and general business practice, State Farm, in violation of Arkansas law, breached a contract with Plaintiffs by refusing to value reasonable medical expenses in accordance to Arkansas law and the terms of the contract between State Farm and Plaintiffs.

b)     Whether, throughout the Class Period, as a common policy and general business practice, State Farm, in violation of Arkansas law, breached a contract with Plaintiffs by not fully valuing reasonable medical expenses.

c)     Whether, throughout the Class Period, as a common policy and general business practice, State Farm, in violation of Arkansas law, violated the Arkansas collateral source rule by reducing the amount of damages Plaintiffs were entitled to recover by only valuing two times the rate of what Medicare would pay.

d)     Whether, throughout the Class Period, as a common policy and general business practice, Defendant, in violation of Arkansas law, evaluated claims while ignoring or disregarding Arkansas law.

31.     The claims of the Plaintiff as representative of the class herein are typical of the claims of the proposed class, in that the claims of all members of the proposed class, including the Plaintiff, depend on a showing of the acts of Defendant giving rise to the right of Plaintiff to the relief sought herein. There is no conflict between the individually named Plaintiff and other members of the proposed class with respect to this action, or with respect to the claims for relief set forth herein.

Page 7 of 16

32.   The named Plaintiff is a representative party for the class, and is able to, and will fairly and adequately protect the interests of the class.  The attorneys for Plaintiff and the Class are experienced and capable of complex civil litigation.

33.   As relief for these violations of Arkansas law, Plaintiff seeks, on behalf of herself and all class members:

a)   A declaratory judgment determining that under Arkansas law, the definition of what constitutes "reasonable medical expenses" is not two times the rate of what Medicare would pay; and

b)   Monetary restitution, monetary damages, plus interests, penalties, litigation costs, and attorney's fees.

## V.  COUNT ONE: DECLARATORY JUDGMENT

34.   All of the allegations previously plead herein are re-alleged as though stated word-for-word.

35.   This Court is authorized to declare the rights, duties, and obligations of the parties in regard to a contract of insurance pursuant to Rule 57 of the Arkansas Rules of Civil Procedure and Ark. Code Ann. §§ 16-111-101 through 16-111-111.

36.   An actual case or controversy exists between the Plaintiffs (i.e., Ms. Pete and the proposed Class Members) and the Defendant.

37.   Plaintiff and all members of the proposed class have, had, or were covered under a contract of automobile insurance with Defendant.  Defendant's contract for automobile coverage provides that its insureds are treated consistent with the requirements of the laws and regulations of

the appropriate state. Arkansas law governs how the Defendant's insured customers who reside in Arkansas must be treated by Defendant.

38.     The automobile insurance contract between Plaintiff and all other similarly situated insureds and Defendant contained an optional "Underinsured" and/or "Uninsured" motorist coverage provision which provided that Defendant would pay and/or value reasonable medical expenses resulting from injuries sustained by underinsured or uninsured motorists.

39.     The contract of insurance between the Plaintiff, as well as all those similarly situated, and Defendant provided that Defendant is required to pay and/or value reasonable medical expenses.

40.     It is well-settled that Arkansas' collateral source rule prohibits the Defendant from reducing the amount of damages the Plaintiffs are entitled to receive simply because the Plaintiffs received health insurance benefits.

41.     It is also well-settled Arkansas case law that the definition of what constitutes reasonable medical expenses is not two times the rate of what Medicare would pay.

42.     Defendant, as a common policy and general business practice, knowingly and willfully refused to pay and/or value reasonable medical expenses in accordance with Arkansas law by only considering two times the rate of what Medicare would pay. Accordingly, Defendant has and continues to violate Arkansas law.

43.     Defendant will continue to disregard Arkansas law and take advantage of its insureds by refusing to pay and/or value reasonable medical expenses in accordance with Arkansas law and the terms of the contract between Plaintiffs and Defendant.

44.     Plaintiff, and all proposed class members, seek Declaratory Judgment that the contract of insurance between the Plaintiff, as well as all those similarly situated, and Defendant provided that Defendant is required to pay reasonable medical expenses

45.     Plaintiff, and all proposed class members, seek Declaratory Judgment stating that the collateral source rule in Arkansas prohibits the Defendant from reducing the amount of damages the Plaintiffs are entitled to receive simply because the Plaintiffs received health insurance benefits.

46.     Plaintiff, and all proposed class members, seek Declaratory Judgment that reasonable medical expenses, per Arkansas law, is not two times the rate of what Medicare would pay.

### VI.   COUNT TWO: BREACH OF CONTRACT

47.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

48.     According to Defendant's marketing materials, State Farm is the single largest auto insurer in the nation, a position that it has held since 1942.  Defendant is also one of the largest automobile insurers in the state of Arkansas.

49.     Plaintiff, like all proposed class members, currently have, had, or were covered under, a contract of automobile insurance with Defendant that includes or included an optional Uninsured (UM) and/or Underinsured (UIM) motorist coverage which provided that Defendant would pay and/or value reasonable medical expenses resulting from injuries sustained in an automobile accident with an uninsured or underinsured motorist.

Page 10 of 16

50.     It is well settled under Arkansas law and affirmed by the Arkansas Supreme Court in *Younts v. Baldor Elec. Co.*, 310 Ark. 86 (1992) that Arkansas' collateral source rule "excludes evidence of benefits received by a plaintiff from a source collateral to the defendant" such as health insurance and that the plaintiff has "a substantive right not to have his recovery reduced if indeed he recovered from insurance for which he paid." *Id.*

51.     Under this Arkansas' collateral source rule, when evaluating the amount of damages, a defendant is not allowed to reduce the amount of damages to which a plaintiff is entitled simply because the plaintiff received health insurance benefits. *See id.*

52.     In order to comply with Arkansas law, when evaluating Plaintiffs claims, State Farm was required by law to not make any reductions based on any payments made by a health insurance or other collateral source.

53.     Under Arkansas law, it is well settled that the definition and standard of what constitutes whether or not the amount of a medical bill is reasonable is not two times the rate of what Medicare would pay. *See Ponder v. Cartmell*, 301 Ark., 409 (1990).

54.     The Arkansas Supreme court in *Ponder* stated, "so long as an individual has used reasonable care on selecting a physician, she is entitled to recover from the wrong-doer to the full extent of her injury" 301 Ark. at 409. The Court went on to note that "If Plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expense for the care she receives, whether or not the care is medically necessary, are recoverable." *Id.* at 412.

55.     Furthermore, the Supreme Court of Arkansas has gone even further to state that evidence of expenses incurred is evidence that the charges were reasonable. *See Bell v. Stafford*, 284 Ark. 196, 199 (1985).

56.     Defendant, throughout the Class Period, as a common policy and general business practice, has violated the Arkansas collateral source rule by reducing the amount of damages Plaintiffs were entitled to recover by only valuing two times the rate of what Medicare would pay.

57.     Defendant, throughout the Class Period, as a common policy and general business practice, has refused to pay and/or value Plaintiffs' reasonable medical expenses in accordance with Arkansas law and the terms of the contract between Plaintiffs and State Farm.

58.     State Farm owes a duty to the Plaintiffs to treat its policyholders' interests with at least equal regard as it does its own interests.

59.     State Farm owes a duty to the Plaintiffs to conduct a fair investigation of a claim at its own expense.

60.     State Farm owes a duty to the Plaintiffs to conduct a prompt investigation of a claim at its own expense.

61.     State Farm owes a duty to the Plaintiffs to fully, fairly and promptly evaluate claims.

62.     State Farm owes a duty to the Plaintiffs to refrain from denying a claim or any part of a claim based on insufficient information.

63.     State Farm owes a duty to the Plaintiffs to refrain from denying a claim or any part of a claim based on faulty information.

64.     State Farm owes a duty to the Plaintiffs to adhere to Arkansas law.

65.     State Farm owes a duty to the Plaintiffs to adhere to the rules and regulations of the Arkansas Insurance Department.

66.     Good faith claims handling requires State Farm to give a prompt and forthright explanation to each claimant of the company's position with respect to a claim.

67.     Good faith claims handling requires State Farm to determine the company's obligations under its policy at the time the accident or loss is reported and to discharge those obligations fairly and promptly.

68.     State Farm Automobile Insurance Company has breached the policy of motor vehicle insurance it issued to Plaintiffs (i.e., Eileen Pete and all proposed Class Members) by failing to properly evaluate and pay the claims for uninsured and underinsured motorist coverage to its insureds who at all material times herein fully complied with the terms of the policy of motor vehicle insurance and, specifically, by unlawfully valuing "reasonable medical expenses" at a rate of twice the amount that Medicare would pay, in violation of the Arkansas collateral source rule.

## VII.  DAMAGES

69.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

70.     Plaintiff Eileen Pete is entitled to recover the following damages, all of which were proximately caused by the negligence of Robert Whisenant, an underinsured motorist:

    (a)     The nature, extent, duration, and permanency of her injuries;

    (b)     The full extent of the injuries she sustained;

    (c)     The expense of her medical care, treatment and services received, including transportation, and those expenses that are reasonably certain to be required in the future;

    (d)     Any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

Page 13 of 16

(e)     The visible results of her injuries.

(f)     any other element of damages recognized by Arkansas law as shall be proven by Plaintiff at trial.

71.     As a result of State Farm Automobile Insurance Company's breach of contract, Eileen Pete, and all persons similarly situated, are entitled to restitution for any claims previously paid, damages for any unadjudicated claims for Uninsured and/or Underinsured motorist coverage, attorney's fees, interest, and twelve percent (12%) penalty provided by Ark. Code Ann. § 23-89-208.

72.     Plaintiff Eileen Pete, as class representative, makes a claim for the individual limits of $25,000.00 on her Underinsured Motorist policy with State Farm Automobile Insurance Company.

73.     Exclusive of attorney's fees, Plaintiff Eileen Pete's damages do not exceed the jurisdictional limit of $75,000.00.

74      Plaintiff and the Class Members reserve the right to liberally amend this pleading.

75.     Plaintiff and the Class Members respectfully request a jury trial.

**WHEREFORE,** Plaintiff, Eileen Pete, on behalf of herself and on behalf of all others similarly situated, respectfully requests that this Court:

a)      Determine that this action may be maintained as a class action under Rule 23 of the Arkansas Rules of Civil Procedure and that Ms. Pete is a proper class representative;

b)      Enter a declaratory judgment adjudicating that under Arkansas law, the definition of what constitutes "reasonable medical expenses" is not two times the rate of what Medicare would pay;

c)      Enter a declaratory judgment adjudicating that as long as an individual has used reasonable care on selecting a physician, she is entitled to recover from the wrong-doer to the full extent of her injury;

d)      Enter a declaratory judgment adjudicating that if a Plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable.

e)      Enter a declaratory judgment adjudicating that Defendant, State Farm Automobile Insurance Company, has breached its policy of motor vehicle insurance it issued to Plaintiffs (i.e., Eileen Pete and all proposed Class Members) by failing to properly evaluate and pay the claims for uninsured and underinsured motorist coverage to its insureds who at all material times herein fully complied with the terms of the policy of motor vehicle insurance and, specifically, by unlawfully valuing "reasonable medical expenses" at a rate of twice the amount that Medicare would pay, in violation of the Arkansas collateral source rule.

f)      Enter a judgment against the Defendant, State Farm Automobile Insurance Company, including monetary restitution, monetary damages, attorney's fees, the twelve percent (12%) penalty, interest provided by law, pre-judgment and post-judgment interest, and litigation costs; and

Page 15 of 16

g)      Grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

Respectfully submitted,

Law Offices of Alan LeVar
702 Caddo Street
Arkadelphia, AR 71923
Phone: (870) 246-7070
Fax: (501) 588-0086
E-mail: colton@levarlaw.com

By:

Alan LeVar, AR Bar No. 96155
John Andrew Ellis, AR Bar 99012
Colton Gregory, AR Bar No. 2013181
Jose Ruiz, AR Bar No. 2019125

**ATTORNEYS FOR PLAINTIFFS**