FILED

2020 DEC 10 PM 4: 27

DARLE-E HASSINGILL
CONWAY COUNTY
CIRCUIT CLERK

LRD___D.C.

## IN THE CIRCUIT COURT OF CONWAY COUNTY, ARKANSAS
## CIVIL DIVISION

**EILEEN PETE, on behalf of herself**
**and all others similarly situated**                                    **PLAINTIFF**


v.                                    **15CV-20-227**


**STATE FARM MUTUAL AUTOMOBILE INSURANCE**                **DEFENDANT**
**COMPANY**


### FIRST AMENDED
### COMPLAINT – CLASS ACTION

Comes now the Plaintiff, Eileen Pete, by and through her undersigned attorneys with the

Law Offices of Alan LeVar, and brings this action on behalf of herself, individually, and as a Class

Action on behalf of a proposed Class of similarly-situated persons (collectively hereinafter referred

to as "Plaintiffs"), defined below, against Defendant, State Farm Mutual Automobile Insurance

Company, (hereinafter referred to as State Farm), and for her complaint, states the following:

### I.  INTRODUCTORY STATEMENT

1.     This claim is brought pursuant to this Court's jurisdiction over breach of contract

claims.

2.     Venue is proper, pursuant to Ark. Code Ann. §16-60-109 in that at all times relevant

hereto Plaintiff resided in Conway County, Arkansas.

### II.  PARTIES

3.     Plaintiff, Eileen Pete (hereinafter "Ms. Pete"), at all times relevant to this action

Page 1 of 16

was a resident of Morrilton, Conway County, Arkansas.

4.     Defendant, State Farm Mutual Automobile Insurance Company, (hereinafter "State Farm") is an insurance company registered and licensed to sell automobile insurance in Arkansas. State Farm is the largest auto insurer in the U.S. and it reported net income of $5.6 billion in 2019. It is also one of the largest automobile insurers in the state of Arkansas.  State Farm's agent for Service of Process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

5.     State Farm sold insurance policy No. 2398864F2304E to Ms. Pete, and said policy provided underinsured motorist coverage. Said policy was in force at all times pertinent to this litigation. A certified copy of the Declarations Page is attached hereto as Exhibit "A."

6.     This is a class action whereby Plaintiff seeks for herself and all other similarly situated insured customers or former customers of Defendant, a finding that the Defendant violated Arkansas law when, as a common policy and uniform business practice, Defendant failed to properly value reasonable medical expenses it owed to the Plaintiff and Class Members.

### III.  FACTS

7.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

8.     State Farm sold Ms. Pete underinsured and uninsured motorist coverage in her vehicle policy which provided that if Ms. Pete was involved in an automobile accident with an underinsured or uninsured motorist, State Farm would pay any and all damages, including reasonable medical expenses, in accordance with Arkansas law.

Page 2 of 16

9.      Ms. Pete paid all premiums to State Farm to ensure she was protected if she was involved in an accident with an underinsured or uninsured motorist.

10.     On or about December 28, 2019, at approximately 7:26 p.m., Plaintiff, Eileen Pete, was stopped for traffic on the Westbound off-ramp of I-40 at the intersection of Highway 9 in Conway County, Arkansas.

11.     At that time, Robert Whisenant, while traveling westbound on the I-40 off-ramp, failed to stop for traffic, causing him to collide with the rear of Plaintiff's vehicle.

12.     The collision resulted in property damage to each of the vehicles and serious personal injury to Plaintiff.

13.     Mr. Whisenant was negligent in the following respects:

        a)      failing to stop at the stop sign;

        b)      failing to yield to traffic already in the roadway;

        c)      failing to keep a proper lookout on the roadway;

        d)      failing to keep his vehicle under reasonable control;

        e)      failing to make proper use of the instrumentalities in his control so as to avoid an accident when he saw, or in the exercise of ordinary care should have seen the Plaintiff's vehicle; and

        f)      failing to bring his vehicle under control or to change or divert its course when he saw, or in the exercise of ordinary care should have seen, that an accident was about to occur.

14.     These acts of negligence on the part of Mr. Whisenant, an underinsured motorist, were the direct and proximate cause of personal injuries and damages suffered by Ms. Pete.  As a

proximate result of the negligence of Mr. Whisenant, Ms. Pete sustained multiple injuries including, but not limited to, serious injuries to her neck, left leg, and hip.   Ms. Pete, also suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

15.     Under the terms of Ms. Pete's policy, Mr. Whisenant was an underinsured motorist, and, therefore, Defendant has a duty to pay benefits in a sum consistent with her damages.

16.     Plaintiff's damages are in excess of the amount of Mr. Whisenant's policy limits of $25,000.00.

17.     Plaintiff provided State Farm with proof of loss pursuant to Ark. Code Ann. § 23-89-209 and made a claim for underinsured motorist coverage under her policy.

18.     Defendant has denied sufficient payment on this claim for UIM coverage due to its valuing the medical expenses at twice the amount that Medicare would pay, rather than valuing them in accordance with Arkansas law.

19.     Based on good faith knowledge and belief, State Farm's practice of discounting reasonable medical expenses by refusing to pay any amount in excess of twice the Medicare rate has been uniformly applied to Defendant's Arkansas customers.1

---

1       In recent years, State Farm's uniform practices have precipitated several class action lawsuits in Arkansas and around the country. See *e.g.*, *Stuart v. State Farm*, Case No. 4:14-cv-04001 (W.D. Ark. 2014)(claims discounted because of improper calculation for actual cash value.);   *Williams v. State Farm*, Case no. 4:11-CV-00749 KGB (E.D. Ark. 2011)(improper subrogation deductions from "med pay" and/or "PIP coverage"); *Hale v. State Farm*, Case No. 3:12-cv-00660 (S.D. Ill.)(Settlement of, *inter alia*,   unjust enrichment claim involving 4 million current and former policyholders); *Hicks v. State Farm*, 965 F.3d 452 (6th Cir. 2020)(breach of contract for claim underpayments to Kentucky insureds based on Improper calculations of actual

Page 4 of **16**

20. State Farm's discounting practice violates Arkansas insurance laws in several ways which include, but are not limited to the following:

(a) Failing to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

(b) Attempting to settle claims on the basis of an application that was altered without notice to, or knowledge or consent of, the insured;

(c) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts of applicable law for denial of a claim or for the offer of a compromise settlement; and

(d) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by those insureds

## IV.   CLASS ACTION ALLEGATIONS

21.      All of the allegations previously pled herein are re-alleged as though stated word-for-word.

22.      This action is brought by Plaintiff as a class action, on her own behalf and on behalf of all others similarly situated, under Rule 23 of the Arkansas Rules of Civil Procedure.   Plaintiff seeks certification of this action as a class action on behalf of the following class: Arkansas Residents who have had claims for Underinsured and/or Uninsured coverage with State Farm which were discounted as a result of State Farm's failure to properly value their reasonable medical

---

cash value on property losses.); *Vogt v. State Farm, 963 F.3d 753 (8ᵗʰ Cir. 2020)* (State Farm ordered to repay 25,000 policy holders in Missouri after charging them undisclosed fees.)

expenses. The Class period is five years from the date of the filing of this Complaint up through and until final judgment.  Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.  The class is so numerous that joinder of individual members herein is impracticable.

23.     Based on good faith knowledge and belief, State Farm recently enacted this uniform practice, which it has directed against its Arkansas insureds who are the putative class members in this case. While the practice has been widespread and uniform and has damaged the Plaintiff and putative class members, the Plaintiff is uncertain about the extent of the damages to which the class is entitled but believes that those damages do not give rise to federal jurisdiction.

24.     There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

a)     Whether State Farm breached its contract with Class Members by refusing to properly value reasonable medical expenses.

b)     Whether State Farm failed to fully value the Class Members' reasonable medical expenses;

c)     Whether State Farm violated the Arkansas collateral source rule by reducing the amount of damages Class Members were entitled to recover by valuing medical treatment at only two times the rate of what Medicare would pay;

d)     Whether State Farm violated Arkansas insurance law;

Page **6** of **16**

e)      Whether State Farm has been unjustly enriched by discounting claims of its insureds;

f)      Whether State Farm's policies allow it to fail to pay the full value of reasonable medical expenses on UM and UIM claims;

g)      Whether State Farm's policies are ambiguous concerning the valuation of medical expenses incurred by its insureds;

h)      Whether State Farm's practice of discounting payment for medical treatment is a breach of its contract with the Plaintiff and other Class Members.

25.     The Plaintiff's claims are typical of the claims of the proposed class. The Defendant's practice is uniform and has resulted in the same damages to the Plaintiff and those similarly situated. There is no conflict between the Plaintiff and other members of the proposed.

26.     A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised herein.

27.     In the absence of class-action relief, the putative class members would be forced to prosecute hundreds of similar claims in different jurisdictions and venues.  The prosecution of these claims as a class action will promote judicial economy.  The claims raised herein are well-suited for class action relief.

28.     Resolving the legal claims raised by the Defendant's uniform and consistent practices is appropriate under Rule 23. This would benefit both the putative class and the Defendant through a single resolution of similar or identical questions of law or fact.

29.     The Plaintiff is interested in the outcome of this litigation and understands the importance of adequately representing the class.  Plaintiff will fairly and adequately protect the

interests of the class. The attorneys for Plaintiff and the Class are capable of handling complex civil litigation.

30.     As relief for these violations of Arkansas law, Plaintiff and all Class Members seek monetary restitution, monetary damages, plus interests, statutory penalties, litigation costs, and reasonable attorney's fees.

31.     As a result of its uniform policy of discounting claims for reasonable medical treatment, insureds like the Plaintiff have valid claims denied and are deprived of the relief to which they are entitled.   Many of State Farm's insureds are forced to institute costly and unnecessary litigation as a result of State Farm's uniform practices.2

## V.   COUNT ONE: BREACH OF CONTRACT

32.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

33.     Plaintiff and Class Members currently have, had, or were covered under, a contract of automobile insurance with Defendant that included an optional Uninsured (UM) and/or Underinsured (UIM) motorist coverage which provided that Defendant would pay and/or value reasonable medical expenses resulting from injuries sustained in an automobile accident with an uninsured or underinsured motorist.

34.     It is well settled under Arkansas law and affirmed by the Arkansas Supreme Court in *Younts v. Baldor Elec. Co.*, 310 Ark. 86 (1992) that Arkansas' collateral source rule "excludes evidence of benefits received by a plaintiff from a source collateral to the defendant" such as health

---

2       Recent news reports reflect a continuing trend of persons who are forced to take their insurance carriers to court after their claims are denied. Friedman, Mark, "Delay Tactics Highlight Trend in Denied Claims," Arkansas Business, Nov. 16, 2020.

insurance and that the plaintiff has "a substantive right not to have his recovery reduced if indeed

he recovered from insurance for which he paid." *Id.*

35.    Under Arkansas' collateral source rule, when evaluating the amount in damages, a

defendant is not allowed to reduce the amount of damages to which a plaintiff is entitled simply

because the plaintiff received health insurance benefits. *See id.*

36.    In order to comply with Arkansas law, when evaluating Plaintiff's claims, State

Farm was required by law to not make any reductions based on any payments made by a health

insurance or other collateral source.

37.    Under Arkansas law, it is well settled that the standard and definition of

determining the reasonableness of an amount of a medical bill is not two times the rate of what

Medicare would pay. *See Ponder v. Cartmell*, 301 Ark., 409 (1990).

38.    The Arkansas Supreme court in *Ponder* stated, "so long as an individual has used

reasonable care on selecting a physician, she is entitled to recover from the wrong-doer to the full

extent of her injury" 301 Ark. at 409. The Court went on to note that "If Plaintiff proves that her

need to seek medical care was precipitated by the tortfeasor's negligence, then the expense for the

care she receives, whether or not the care is medically necessary, are recoverable." *Id.* at 412.

39.    The Arkansas Supreme Court has gone even further to state that evidence of

expenses incurred is evidence that the charges were reasonable. *See Bell v. Stafford*, 284 Ark. 196,

199 (1985).

40.    Defendant, throughout the Class Period, as a common policy and general business

practice, violated the Arkansas collateral source rule by reducing its insureds' damages by limiting

the reimbursement for treatment to only two times the rate of what Medicare would pay.

Page **9** of **16**

41.     Defendant, throughout the Class Period, as a common policy and general business practice, has refused to pay and/or value Plaintiffs' reasonable medical expenses in accordance with Arkansas law and the terms of its insurance contracts.

42.     State Farm owes its insureds an implied duty of good faith and fair dealing.   State Farm's practices as described herein constitute a breach of the implied duty of good faith and fair dealing. State Farm owes a duty to its insureds to conduct a fair investigation of a claim at its own expense.

43.     State Farm owes a duty to its insureds to conduct a prompt investigation of a claim at its own expense.

44.     State Farm owes a duty to its insureds to fully, fairly and promptly evaluate claims.

45.     State Farm owes a duty to its insureds to refrain from denying a claim or any part of a claim based on insufficient information.

46.     State Farm owes a duty to its insureds to refrain from denying a claim or any part of a claim based on faulty information.

47.     State Farm owes a duty to its insureds to adhere to Arkansas law.

48.     State Farm owes a duty to its insureds to comply with the rules and regulations of the Arkansas Insurance Department.

49.     Good faith claims handling requires State Farm to give its insureds a prompt and forthright explanation of the company's position with respect to a claim.

50.     Good faith claims handling requires State Farm to determine the company's obligations under its policy at the time the accident or loss is reported and to discharge those obligations fairly and promptly.

Page 10 of 16

51.     As described herein, State Farm has failed to fulfill one or more of the duties and obligations it owed to the Plaintiff and the Class. State Farm Automobile Insurance Company has breached the policy of insurance it issued to Plaintiff and Class Members by failing to properly evaluate and pay the claims for uninsured and underinsured motorist coverage to its insureds who at all material times herein fully complied with the terms of the policy of motor vehicle insurance and, specifically, by unlawfully valuing "reasonable medical expenses" at a rate of twice the amount that Medicare would pay, in violation of the Arkansas collateral source rule.

## VI.    COUNT TWO: UNJUST ENRICHMENT

52.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

53.     State Farm has been unjustly enriched by its failure to properly value and pay claims for its insured's reasonable medical treatment.

54.     State Farm's actions as described herein were unjust and inequitable in that it devalued the claims of the Plaintiff and other Class Members.

55.     As a result of its unjust actions, State Farm was unjustly enriched by receiving something of value to which is was not entitled.   State Farm retained, and had the beneficial use of, money that the Plaintiff and Class Members were entitled to and should have received in payment of their claims.

56.     As a result of their unjust and inequitable actions, State Farm was unjustly enriched by receiving monetary benefit under such circumstances that, in equity and good conscience, it should not retain.

57. The Plaintiff and Class Members have been damaged as a result of State Farm's actions and are entitled to damage for restitution and other relief.

## VII. COUNT THREE: TORT OF BAD FAITH

58. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

59. At all times relevant to this case, State Farm had a duty to act in good faith and deal fairly with the Plaintiff and other Class Members.

60. State Farm is aware and has been at all material times referenced herein, of the law in Arkansas as set forth in this Complaint.

61. The refusal of State Farm to value the medical bills of the Plaintiff and Class Members in compliance with Arkansas law is bad faith.

62. State Farm's undervaluing of the medical bills incurred by the Plaintiff and other Class Members in knowing violation of Arkansas law constitutes an act of affirmative misconduct without a good faith defense.

63. State Farm engaged in bad faith by consciously disregarding Arkansas law when evaluating Plaintiff's underinsured claim and by refusing to pay the reasonable medical bills of the Plaintiff and other Class Members in its evaluation of uninsured and underinsured motorist claims during the Class Period.

64. State Farm has intentionally adopted business practices that are dishonestly, oppressively, and/or maliciously pursued and directed at the Plaintiff and other similarly situated customers for the purpose of avoiding its legal obligations to pay legitimate losses.

65. State Farm has consciously and knowingly engaged in an intentional course of

Page 12 of 16

misconduct by refusing to acknowledge Arkansas law requiring State Farm to pay the reasonable value of the medical bills of the Plaintiff and other Class Members without considering any potential payments made from any health insurance.

66.     Furthermore, State Farm failed to provide any information as to why it willfully and knowingly chose to disregard Arkansas law in evaluating Plaintiff's underinsured and in evaluating the uninsured and undersigned motorist claims of the other Class Members.

67.     Failure to discharge the duties and obligations owed to its policyholders in good faith constitutes dishonest, oppressive, and/or malicious conduct designed to avoid paying benefits under the policy.

68.     State Farm knowingly and willfully failed to discharge these duties and obligations owed to the Plaintiff and other Class Members.   State Farm was aware of Arkansas law and there is no good faith defense to State Farm's actions, and these actions were not the result of an honest error in judgment as State Farm was aware it was knowingly and willfully violating Arkansas law.

69.     These dishonest and oppressive tactics serve only to pad the profit margins of State Farm by refusing to pay the full value of valid claims under Arkansas law.

70.     The Plaintiff and other Class Members have incurred medical debt that has not been paid due to State Farm's willful refusal to follow Arkansas law and pay all of the Plaintiff's medical bills.

71.     The Plaintiff and other Class Members have sustained damages and continue to sustain damages due to State Farm's refusal to observe Arkansas law in the evaluation of their medical expenses.

Page 13 of 16

72.     State Farm's willful dishonest and oppressive conduct constitutes bad faith in the state of Arkansas

73.     Plaintiff and other Class Members are entitled to damages proximately caused by State Farm's acts and/or omissions which constitute bad faith.

## VIII.  DAMAGES

74.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

75.     Plaintiff Eileen Pete is entitled to recover the following damages, all of which were proximately caused by the negligence of Robert Whisenant, an underinsured motorist:

(a)     The nature, extent, duration, and permanency of her injuries;

(b)     The full extent of the injuries she sustained;

(c)     The expense of her medical care, treatment and services received, including transportation, and those expenses that are reasonably certain to be required in the future;

(d)     Any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)     The visible results of her injuries.

(f)     any other element of damages recognized by Arkansas law as shall be proven by Plaintiff at trial.

76.     Plaintiff and all persons similarly situated are entitled to restitution for any claims previously paid, damages for any unadjudicated claims for Uninsured and/or Underinsured motorist coverage, reasonable attorney's fees, statutory penalties, costs of litigation and other relief.

Page 14 of 16

77.     As a result of State Farm Automobile Insurance Company's breach of contract, Plaintiff and Class members are entitled to monetary damages, attorney's fees, interest, and the twelve percent (12%) statutory penalty provided by Ark. Code Ann. § 23-89-208.

78.     As a result of State Farm Automobile Insurance Company's bad faith, Plaintiff And the Class members, Plaintiff and Class members are entitled to monetary damages, attorney's fees, interest, and the twelve percent (12%) statutory penalty provided by Ark. Code Ann. § 23-89-208.

79.     Plaintiff reserves the right to amend this pleading.

80.     Plaintiff request a jury trial.

**WHEREFORE,** Plaintiff seeks judgment against the Defendant for these state law claims, the total of which the Plaintiff believes to be less than the amount required for federal diversity of citizenship jurisdiction, and prays:

a.      That this case be certified as a Class Action under Rule 23 of the Arkansas Rules of Civil Procedure;

b.      That she be appointed Class Representative for the Class of persons identified herein;

c.      That her counsel be appointed Class Counsel;

d.      That she and the Class be granted the relief requested herein; and

e.      That she and the Class be granted any and all other just and proper relief to which they may be entitled and that Ms. Pete is a proper class representative.

Respectfully submitted,

Law Offices of Alan LeVar
702 Caddo Street
Arkadelphia, AR 71923
Phone: (870) 246-7070
Fax: (501) 588-0086
E-mail: colton@levarlaw.com

By: _____

Alan LeVar, AR Bar No. 96155
John Andrew Ellis, AR Bar 99012
Colton Gregory, AR Bar No. 2013181
Jose Ruiz, AR Bar No. 2019125

**ATTORNEYS FOR PLAINTIFF**

1/18/2020  09:16 AM   ID:13013345012  FROM:3013660000      Page  2

State Farm Mutual Automobile Insurance Company

4700 S Providence
Columbia, MO  65217

57626-1-A          MUTL  VOL

## DECLARATIONS PAGE

PAGE 1 OF 2

NAMED INSURED

AT2                                04-1126-1  A     A
      000404    0058
PETE, EILEEN
2469 HIGHWAY 9
MORRILTON AR  72110-9106

POLICY NUMBER   239 8864-F23-04E

POLICY PERIOD DEC 03 2018 to JUN 23 2019
              12:01 A.M. Standard Time

STATE FARM PAYMENT PLAN NUMBER
1127973822

AGENT

ANCEL CARLON
705 E BROADWAY ST
MORRILTON, AR 72110-3613

PHONE:(501)354-4386  or  (800)351-1126

DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.
IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.

### YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID NUMBER | CLASS |
|------|------|-------|-----------|-------------------|-------|
| 2015 | NISSAN | ALTIMA | 4DR | 1N4AL3AP3FN890259 | 6000505000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---------|-------------------|----------|
| A | Liability Coverage | $162.19 |
|   | Bodily Injury Limits | |
|   | Each Person  Each Accident | |
|   | $25,000     $50,000 | |
|   | Property Damage Limit | |
|   | Each Accident | |
| C | Medical Payments Coverage | $33.35 |
|   | Limit   Each Person | |
|   | $5,000 | |
| D | Comprehensive Coverage - $500 Deductible | $158.30 |
| G | Collision Coverage - $250 Deductible | $207.04 |
|   | Emergency Road Service Coverage | $2.20 |
| R1 | Car Rental and Travel Expenses Coverage | $9.59 |
|   | Limit - Car Rental Expense | |
|   | Each Day,   Each Loss | |
|   | $40     $1,200 | |
| U | Uninsured Motor Vehicle Coverage | $12.61 |
|   | Bodily Injury Limits | |
|   | Each Person,  Each Accident | |
|   | $25,000     $50,000 | |
| U1 | Uninsured Motor Vehicle Coverage | $4.42 |
|   | Property Damage Limit | |
|   | Each Accident | |
|   | $25,000 | |
| W | Underinsured Motor Vehicle Coverage | $9.70 |
|   | Bodily Injury Limits | |
|   | Each Person,  Each Accident | |
|   | $25,000     $50,000 | |
| S1 | Death, Dismemberment and Loss of Sight Coverage | $2.37 |
| T1 | Total Disability Coverage | $3.23 |

| Total premium for DEC 03 2018 to JUN 23 2019: | $606.58 | This is not a bill. |

CONTINUED

See Reverse Side

473/00326
RR 2 04 2008 (01)(c)(1nd)
(03.2a)   (a1.03)(1a)

Exhibit A

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Lynne M. Yaxwell
Secretary

Michael F Tipson
President

2/18/2020   09:16 AM   TO:15013549512   FROM:5015880086   Page: 9

State Farm Mutual Automobile Insurance Company

4700 S Providence
Columbia, MO 65217

57628-1-A           MUTL   VOL

**DECLARATIONS PAGE**

PAGE 2 OF 2

04-1126-1  A    A

NAMED INSURED  000404   0058

PETE, EILEEN
2469 HIGHWAY 9
MORRILTON AR  72110-9106

| POLICY NUMBER | 239 8864-F23-04E |
|---|---|
| POLICY PERIOD DEC 03 2018 to JUN 23 2019 | |
| 12.01 A.M. Standard Time | |

STATE FARM PAYMENT PLAN NUMBER
1127973822

**PORTANT MESSAGES**

insas law requires that insurers notify an authorized law enforcement agency if there is a reason to believe that
e loss may be other than accidental.   The law requires also that any authorized agency may demand that an insurer provide
rmation relating to a questionable fire loss.   An insurer releasing such information shall inform its insured no later than
ty days after the release of the report.   A copy of the report shall be furnished to the insured in the event of civil action
riminal prosecution.

laced policy number 2398864-04D.

r total renewal premium for DEC 23 2018 to JUN 23 2019 is $544.62.

le total premium listed above reflects a recent change to your policy and the 6 month renewal premium.

e Farm works hard to offer you the best combination of price, service, and protection.   The amount you pay for automobile
irance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your
is used, who drives the car, and information from consumer reports.

have the right to request, no more than once during a 12-month period, that your policy be re-rated using
irrent credit-based insurance score. Re-rating could result in a lower rate, no change in rate, or a higher rate.

**ECTIONS POLICY BOOKLET & ENDORSEMENTS [See policy booklet & individual endorsements for coverage details].**

JR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET –
H 9804A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU
H ANY SUBSEQUENT RENEWAL NOTICE.
DITOR– ALLY FINANCIAL, PO BOX 8143, COCKEYSVILLE MD 21030-8143.
80C      AMENDATORY ENDORSEMENT.
14A.2    AMENDATORY ENDORSEMENT.

Agent:      ANCEL CARLON

Telephone: (501)354-4386

Prepared   DEC 06 2018      1126-B5B

174/00326
56.2 01 2018 (b1a925mh)
1126-1   (b1a925bub)

(b1a9/54c)

2/19/2020   09:46 AM   IU:150135456TE   FKUM:501368U6U8   Page: 9

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Secretary                              President

B15