IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**EILEEN PETE, on behalf of herself and all
others similarly situated**                                                              **PLAINTIFF**

v.                             Case No. **4:21-cv-00056 KGB**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**                                                                      **DEFENDANT**

## ORDER

Before the Court are defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion to dismiss plaintiff Eileen Pete's first amended class-action complaint and Ms. Pete's motion for leave to amend complaint (Dkt. Nos. 5, 18). Ms. Pete filed a response to State Farm's motion to dismiss (Dkt. No. 13). State Farm replied to the response (Dkt. No. 17). Ms. Pete then filed a motion for leave to amend complaint (Dkt. No. 18). State Farm responded in opposition to the motion for leave to amend (Dkt. No. 19).

For the following reasons, the Court grants Ms. Pete's motion for leave to amend complaint and directs Ms. Pete to file her proposed second amended complaint within 14 days from the entry of this Order (Dkt. No. 18). Further, although the Court has considered the merits of State Farm's arguments raised in its motion to dismiss Ms. Pete's amended complaint based on State Farm's assertion of futility, given the procedural posture of this case, the Court denies as moot State Farm's motion to dismiss Ms. Pete's amended complaint in the light of the Court's ruling permitting Ms. Pete to file a second amended complaint (Dkt. No. 8).

   **I.     Background**

Ms. Pete brought her class-action complaint and first amended class-action complaint in the Circuit Court of Conway County, Arkansas (Dkt. Nos. 1, 2). State Farm removed the case to

this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1332(a), 1367, 1441, and 1446 (Dkt. No. 1, at 1).

Ms. Pete asserts the following facts in her operative complaint, unless otherwise noted. State Farm sold insurance policy No. 2398864F2304E ("the policy") to Ms. Pete (Dkt. No. 3, ¶ 5). The policy provided underinsured motorist coverage that provided that if Ms. Pete was involved in an automobile accident with an underinsured or uninsured motorist, State Farm would pay any and all damages, including reasonable medical expenses, in accordance with Arkansas law (*Id*., ¶ 8). Ms. Pete paid all premiums for the policy (*Id*. ¶ 9).

On December 28, 2019, Ms. Pete was stopped for traffic on the westbound off-ramp of Interstate 40, at the intersection of Highway 9 in Conway County, Arkansas, when she was rear ended by a vehicle being operated by Robert Whisenant (*Id*., ¶¶ 10-11). The collision resulted in property damage to both vehicles and personal injury to Ms. Pete (*Id*., ¶ 12).

Under the terms of Ms. Pete's policy with State Farm, Mr. Whisenant was an underinsured motorist when his alleged negligence directly and proximately caused Ms. Pete personal injuries and damages (*Id*., ¶ 14). Ms. Pete asserts that State farm has a duty to pay benefits in a sum consistent with her damages under the policy because her damages are in excess of the amount of Mr. Whisenant's policy limits of $25,000.00 (*Id*., ¶¶ 15-16). Ms. Pete provided State Farm with proof of loss under Arkansas Code Annotated § 23-89-209 and made a claim for underinsured motorist coverage under her policy (*Id*., ¶ 17).

Ms. Pete contends that State Farm has denied sufficient payment on her claim for underinsured motorist coverage due to its valuing the medical expenses at twice the amount that Medicare would pay rather than valuing her claim in accordance with Arkansas law (*Id*., ¶ 18). Ms. Pete further asserts that, "based on good faith knowledge and belief, State Farm's practice of

discounting reasonable medical expenses by refusing to pay any amount in excess of twice the Medicare rate has been uniformly applied to defendant's Arkansas customers." (*Id*., ¶ 19). Ms. Pete claims that State Farm's "discounting practice" violates Arkansas insurance laws in several ways (*Id*., ¶ 20).

In her operative complaint, Ms. Pete raises claims on her own behalf and on behalf of all others similarly situated (*Id*., ¶ 21). She asserts claims for: (1) breach of contract; (2) unjust enrichment; and (3) tort of bad faith (*Id*. ¶¶ 32-73).

State Farm moves to dismiss the operative complaint (Dkt. No. 5). It argues that Ms. Pete's claim fails to state a claim for breach of contract because: (1) Ms. Pete has failed to allege facts to establish that she is entitled to underinsured motorist benefits; (2) Ms. Pete fails to allege a breach of the policy by State Farm; and (3) Ms. Pete alleges no facts establishing that valuing her medical expenses at twice Medicare, if that occurred, would breach State Farm's duty under the policy (*Id*., at 6-16). State Farm also contends that Ms. Pete has failed to state claims for unjust enrichment and for bad faith (*Id*., at 16-19). Ms. Pete responded to State Farm's motion, and State Farm replied to the response (Dkt. Nos. (14, 17). Ms. Pete also filed a motion for leave to amend her complaint (Dkt. No. 18).

For the following reasons, the Court grants Ms. Pete's motion for leave to amend complaint (Dkt. No. 18). The Court directs Ms. Pete to file her second amended complaint within 14 days from the entry of this Order. The Court denies as moot State Farm's motion to dismiss Ms. Pete's operative complaint (Dkt. No. 5).

**II.     Legal Standard**

A court has discretion to grant leave to amend and must freely do so "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Becker v. Univ. of Neb. at Omaha,* 191 F.3d 904, 907-08 (8th Cir. 1999).  In interpreting Rule 15, the United States Supreme Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see Becker,* 191 F.3d at 907-08.

Futility, one of the reasons that may prevent an amendment, exists when the claim would not withstand a motion to dismiss for failure to state a claim upon which relief can be granted. *Cornelia I. Crowell GST Trust v. Possis Med., Inc.,* 519 F.3d 778, 781-83 (8th Cir. 2008) (evaluating "futility" of asserted claims under Fed. R. Civ. P. 12(b)(6) standard).  Futility determinations utilize the *Twombly* "plausibility" standard under Rule 12(b)(6).  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007)). A party moving to amend under Rule 15(a) must support its claim with sufficient specificity to raise a right to relief above the speculative level and to raise a reasonable expectation that discovery will reveal the evidence of the claim.  *See Twombly,* 550 U.S. at 555.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*,

4

550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

At this stage of the litigation, the Court also observes that the Federal Rules of Civil Procedure explicitly allow parties to include in their pleadings demands for alternative relief, "set out 2 or more statements of a claim or defense alternatively or hypothetically," and "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(a)(3); 8(d)(2), (3).

### III.    Futility

Ms. Pete provides a copy of her proposed second amended complaint (Dkt. No. 18-1).  The Court has reviewed her proposed second amended complaint and compared it to the operative complaint (Dkt. Nos. 3; 18-1).  Ms. Pete's proposed second amended complaint pleads the same three causes of action as the operative complaint:  (1) breach of contract; (2) unjust enrichment; and (3) tort of bad faith (Dkt. No. 18-1, ¶¶ 40-82).  Ms. Pete's proposed amendments add factual allegations that are missing from her operative complaint (*Id.*, ¶¶ 2-3, 18, 20-27, 29(e), 32(i)). These allegations provide additional context to Ms. Pete's claims.  In addition, Ms. Pete's proposed

5

amendments add an allegation that State Farm has no defense to explain their "willful misconduct of 'skimming off the top,' which it knew was a violation of Arkansas law." (*Id.*, ¶ 81). Ms. Pete's proposed second amended complaint seeks declaratory and injunctive relief as well as punitive damages (*Id.* ¶¶ 83-93, 99).

In response to the motion for leave to amend, State Farm maintains that granting the motion to amend would be futile because Ms. Pete's proposed second amended complaint does not correct the alleged deficiencies in her operative complaint (Dkt. No. 19, ¶¶ 1-5). State Farm asserts that the proposed second amended complaint's claims for declaratory and injunctive relief are subject to dismissal "based on the same flawed theories as Plaintiff's other claims" and also on the grounds that Ms. Pete "lacks standing to seek such relief" (*Id.*, ¶ 6). State Farm asserts that, if the Court permits Ms. Pete to file her second amended complaint, it will file a motion to dismiss the second amended complaint under Rule 12 of the Federal Rules of Civil Procedure (*Id.*, ¶ 7).

For the reasons set forth below, the Court rejects State Farm's assertion that permitting Ms. Pete to file the proposed second amended complaint would be futile.

### A.     **Breach of Contract**

State Farm argues that Ms. Pete has not stated a claim for breach of contract because (1) Ms. Pete fails to allege facts to establish that she is entitled to underinsured motorist benefits; (2) Ms. Pete fails to allege a breach of the policy by State Farm; and (3) Ms. Pete alleges no facts to establish that valuing her medical expenses at twice Medicare, if that occurred, would breach State Farm's duty under the policy (*Id.*, at 6-16).

### 1.     **Entitlement To Underinsured Motorist Benefits**

State Farm argues that Ms. Pete has failed to state plausibly a claim that State Farm has breached its duty to pay underinsured motorist benefits because Ms. Pete has neither alleged

sufficient facts concerning the nature of her injuries or medical expenses nor that her damages are in excess of the underinsured driver's $25,000.00 policy limits (Dkt. No. 6, 11-12).

The Court finds that Ms. Pete has alleged sufficient facts to establish that she is entitled to underinsured motorist benefits under the policy she purchased from State Farm. In her operative complaint, Ms. Pete alleges that State Farm sold her an insurance policy that provided underinsured motorist coverage that was in full force at the time of her motor vehicle accident involving an underinsured motorist (Dkt. No. 3, ¶¶ 5, 8).

In the proposed second amended complaint, Ms. Pete alleges additionally that she "took reasonable steps in choosing her treatment plan and incurred medical bills in the amount of $23,532.75" (Dkt. No. 18-1, ¶ 18). Ms. Pete also alleges in the proposed second amended complaint that State Farm, in evaluating her underinsured motorist claim, discounted her medical bills to two times what Medicare would pay and stated "it would only be accounting for $13,381.23 in medical specials, which resulted in an offer of $2,500.00 from State Farm on the [underinsured motorist] claim." (*Id*., ¶ 25).

## 2. Breach Of The Policy

State Farm also argues that Ms. Pete fails to allege a breach of contract claim because she has failed to allege a breach of the policy by State Farm (Dkt. No. 6, at 12). More specifically, State Farm contends that Ms. Pete has not "pleaded facts establishing that [underinsured motorist] coverage was triggered" (*Id*.). State Farm asserts that the policy provides that State Farm and the insured "'must agree' on 'the amount of the compensatory damages that the insured is legally entitled to recover from the owner or driver of the underinsured motor vehicle.'" (*Id*., at 12 (citing Ex. A, at 20)). State Farm asserts that, because Ms. Pete does not allege that she and State Farm

have failed to agree on the amount of compensatory damages she is entitled to recover, she has not stated a claim for breach of contract.

Again, in her proposed second amended complaint, Ms. Pete alleges that she incurred medical bills in the amount of $23,532.75 and that State Farm, in evaluating her underinsured motorist claim, discounted her medical bills to $13,381.23. (*Id.*, ¶ 25).  The Court finds that Ms. Pete has pled sufficient facts in her proposed second amended complaint to assert that she and State Farm have failed to agree on the amount of compensatory damages she is entitled to recover under the policy.

### 3.  State Farm's Calculation Of Ms. Pete's Medical Expenses At Twice Medicare

Finally, State Farm argues that Ms. Pete has not alleged facts to establish that valuing her medical expenses at twice Medicare, if that occurred, would breach State Farm's duty under the policy (Dkt. No. 6, at 13-16).  Ms. Pete responds that she has stated a claim for breach of contract because, under Arkansas law, State Farm had a contractual obligation to "pay reasonable medical expenses" (Dkt. No. 14, at 4).  In her proposed second amended complaint, Ms. Pete alleges that State Farm's offer of "two times what Medicare would pay" would only account for $13,381.23 of the $23,532.75 she has incurred in medical bills that she claims she is entitled to recover under Arkansas law (Dkt. No. 18-1, ¶¶ 18, 25).  She also asserts that at "no point was any other justification for the reduction in medical bills given [by State Farm]." (*Id.*, ¶ 25).

Ms. Pete contends that the Arkansas Supreme Court has stated and affirmed "in multiple cases" that the standard to determine whether or not medical bills are reasonable is "whether an individual used reasonable care in selecting a physician." (*Id.*, at 5 (citing *Young v. Barbera*, 233 S.W.3d 651, 654-55 (Ark. 2006); *Ponder v. Carmell*, 784 S.W.2d 758, 761 (Ark. 1990)).  In her second amended complaint, Ms. Pete pleads that she "took reasonable steps in choosing a

8

treatment plan and incurred medical bills in the amount of $23,532.75, which she is entitled to recover under Arkansas law." (*Id.*, ¶ 18).

The Court finds that the facts Ms. Pete pleads in her proposed second amended complaint, accepted as true, are sufficient at this stage to state a claim for breach of contract that is plausible on its face.[1] The Court finds that granting Ms. Pete's motion to file a second amended complaint would not be futile as to her breach of contract claim.

      **B.    Unjust Enrichment**

State Farm next asserts that Ms. Pete cannot state claims for unjust enrichment because Ms. Pete has not alleged facts supporting her "conclusory allegation that State Farm failed to properly value and pay her reasonable medical expenses" (Dkt. No. 6, at 16). State Farm argues that Ms. Pete does not plead "any additional facts" and "makes no effort to remedy the legal defects" concerning her unjust enrichment claim in the proposed second amended complaint (Dkt. No. 19, ¶ 5).

---

[1] Other class actions have challenged similar practices by State Farm. *See e.g. Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 761 (8th Cir. 2020), *cert. denied,* Case No. 20-1008, 2021 WL 1521013 (U.S. Apr. 19, 2021) (upholding district court's grant of partial summary judgment applying Missouri law in class action brought by over 25,000 life insurance policyholders who alleged that State Farm Life Insurance Company impermissibly included non-listed factors in calculating cost of insurance fees it assessed on life insurance policies); *Dennington v. State Farm Fire and Casualty Company, et al.*, Case No. 4:14-cv-04001 (W.D. Ark. 2014) (class action for breach of contract based on improper calculation for actual cash value on property losses); *Williams v. State Farm Mutual Automobile Insurance Company*, Case No. 4:11-cv-00749-KGB (class action seeking declaratory relief based on State Farm's improper practice of receiving subrogation or reimbursement payments made under "Med pay" or ""PIP" from its insured "prior to a made whole judicial determination or agreement" in violation of Arkansas law (Dkt. No. 17, ¶ 38)); *Hale v. State Farm Mut. Auto. Ins. Co.*, Case No. 12-0660-DRH, 2013 WL 1287054, at *1 (S.D. Ill. Mar. 28, 2013) (denying motion to dismiss two-count Racketeer Influenced and Corrupt Organizations Act ("RICO") class action complaint).

Under Arkansas law, unjust enrichment is "the principle that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly." *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101, 112 (Ark. 2005).

In Ms. Pete's proposed second amended complaint, she alleges that State Farm failed to value and pay properly claims for its insured's reasonable medical treatment, and State Farm retained and had the beneficial use of money that Ms. Pete and other class members were entitled to and should have received in payment of their claims (Dkt. No. 18-1, ¶¶ 61-63). Ms. Pete contends that, as a result of State Farm's "unjust and inequitable actions, State Farm was unjustly enriched by receiving monetary benefit under such circumstances that, in equity and good conscience, it should not retain." (*Id.*, ¶ 64). These assertions are sufficient, at this stage, to allege that State Farm retained money to which it may not have been entitled and has unjustly enriched itself at the expense of Ms. Pete and other potential class members.

Next, State Farm asserts that Ms. Pete's unjust enrichment claim is barred because of the existence of a written contract (Dkt. No. 6, at 16-17). The doctrine of unjust enrichment does not apply when there is a valid, legal, and binding contract. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1018 (8th Cir. 2004) (citing *Hall Contracting Corp. v. Entergy Services, Inc.,* 309 F.3d 468, 475 (8th Cir. 2002); *Lowell Perkins Agency, Inc. v. Jacobs,* 469 S.W.2d 89, 92–93 (Ark. 1971)). However, at this stage of the litigation, Ms. Pete may plead her case on alternative theories and cannot be required to make an election at this time. The Court rejects the arguments that Ms. Pete's motion for leave to amend is futile as to her unjust enrichment claim against State Farm.

C.  **Bad Faith**

State Farm contends that Ms. Pete's claim for bad faith is "based on the same conduct that forms the basis of her other flawed claims" and because the allegations "do not establish 'affirmative misconduct,' the bad faith claim also fails." (Dkt. No. 6, at 17). State Farm also asserts that the allegations in Ms. Pete's complaint "fall far short of the rigorous standard set by Arkansas law for bad faith claims." (*Id.*, at 18). State Farm argues that Ms. Pete does not plead "any additional facts" concerning her bad faith claim in the proposed second amended complaint and she "makes no effort to remedy the legal defects" to her unjust enrichment claim. (Dkt. No. 19, ¶ 5).

"Arkansas recognizes a claim for bad faith when 'an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured.'" *Selmon v. Metropolitan Life Ins. Co.,* 277 S.W.3d 196, 201 (Ark. 2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman,* 64 S.W.3d 720, 723 (Ark. 2002)). Mere negligence or bad judgment on the part of the insurer is insufficient. *Id.* "The tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Id*.

For her bad faith claim, Ms. Pete alleges that State Farm sold her an automobile policy that provided underinsured motorist coverage; that State Farm's "refusal to value the medical bills of the Plaintiff and Class Members in compliance with Arkansas law is bad faith"; that State Farm's undervaluing of medical bills is in "knowing violation of Arkansas law" and "constitutes an act of affirmative misconduct without a good faith defense; that State Farm engaged in "bad faith by consciously disregarding Arkansas law when evaluating Plaintiff's underinsured motorist claim and by refusing to pay the reasonable medical bills of the Plaintiff and other Class Members"; that State Farm "intentionally adopted business practices that are dishonestly, oppressively, and/or

11

maliciously pursued and directed at the Plaintiff and other similarly situated customers"; and that State Farm's "dishonest and oppressive tactics serve only to pad the profit margins of State Farm by refusing to pay the full value of valid claims under Arkansas law." (Dkt. Nos. 3, ¶¶ 8, 61-64, 69; 18-1, ¶¶ 10, 69-72, 77).

Taking the allegations in the operative and proposed second amended complaint as true, Ms. Pete has sufficiently pled that State Farm has engaged in dishonest, malicious, or oppressive conduct in order to avoid an obligation. The Court rejects State Farm's assertion of futility on Ms. Pete's bad faith claim.

For these reasons, the Court, in accordance with the liberal amendment policy of Federal Rule of Civil Procedure 15(a), finds that granting Ms. Pete's motion for leave to amend would not be futile. The Court grants Ms. Pete's motion for leave to amend complaint and directs Ms. Pete to file her proposed second amended complaint within 14 days of the entry of this Order.

### IV. Motion To Dismiss

On January 29, 2021, State Farm filed a motion to dismiss asserting that Ms. Pete's complaint fails to establish a *prima facie* case for any of her asserted causes of action (Dkt. No. 5, ¶¶ 1-6). In response, Ms. Pete asserts that this Court must accept the allegations in the operative complaint as true and construe the operative complaint and all reasonable inferences arising from it in her favor. Ms. Pete contends that she has stated sufficient facts in her operative complaint upon which relief can be granted and, therefore, State Farm's motion to dismiss should be denied (Dkt. No. 14, ¶¶ 4-5).

"[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's motion to dismiss moot." *Oniyah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (citing *Pure*

*Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to dismiss the original complaint."); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992) (finding that plaintiff's filing of an amended complaint rendered defendant's motion to dismiss moot)). Thus, under Eighth Circuit precedent, the Court's granting of Ms. Pete's motion for leave to amend renders moot State Farm's previously filed motion to dismiss (Dkt. No. 5). Accordingly, the Court denies as moot State Farm's pending motion to dismiss (*Id.*).

The Court recognizes that State Farm's arguments for dismissing Ms. Pete's claims might remain the same in response to Ms. Pete's proposed second amended complaint as they were in response to Ms. Pete's operative complaint given State Farm's representation that "if the Court does decide to grant leave to Plaintiff to file the [second amended complaint], State Farm will present its arguments as to the deficiencies of the [second amended complaint], including the newly-asserted claim for declaratory and injunctive relief, by way of a fully-developed Rule 12 Motion." (Dkt. No. 19, at 3). Should State Farm seek to dismiss Ms. Pete's second amended complaint, State Farm must file a separate motion responsive to the second amended complaint.

V.   **Conclusion**

For the above reasons, the Court grants Ms. Pete's motion for leave to amend complaint (Dkt. No. 18). The Court directs Ms. Pete to file her second amended complaint within 14 days from the entry of this Order. The Court denies as moot State Farm's motion to dismiss Ms. Pete's operative complaint (Dkt. No. 5).

It is so ordered this 22nd day of September, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge