**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**EILEEN PETE, on behalf of herself**
**and all others similarly situated**                                                **PLAINTIFF**


**v.**                                          **Case No. 4:21-cv-0056-KGB**


**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                          **DEFENDANT**


**SECOND AMENDED**
**COMPLAINT – CLASS ACTION**

Comes now the Plaintiff, Eileen Pete, by and through her undersigned attorneys with the Law Offices of Alan LeVar, and brings this action on behalf of herself, individually, and as a Class Action on behalf of a proposed Class of similarly-situated persons (collectively hereinafter referred to as "Plaintiffs"), defined below, against Defendant, State Farm Mutual Automobile Insurance Company, (hereinafter referred to as State Farm), and for her complaint, states the following:

## I.      INTRODUCTORY STATEMENT

1.      This is a class action whereby Plaintiff seeks for herself and all other similarly situated insured customers or former customers of Defendant, a finding that the Defendant willfully violated Arkansas law when, as a common policy and uniform business practice, Defendant failed to properly value reasonable medical expenses owed to the Plaintiff and Class Members under policies of Uninsured and Underinsured Motorist Coverage.

Page **1** of **23**

2. Plaintiff further seeks for herself and all others similarly situated a declaratory judgment determining that under Arkansas law, the definition of reasonable medical expenses is not two times what Medicare would pay.

3. Plaintiff also seeks for herself and all others similarly situated a finding requiring Defendant to pay monetary restitution, monetary damages, plus pre-judgment and post-judgment interest, penalties, litigation costs, attorney's fees, and punitive damages for breach of contract, unjust enrichment, and the tort of bad faith.

## II.     JURISDICTION AND VENUE

4. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

5. Plaintiff and all proposed class members are citizens of the state of Arkansas. Defendant's domicile residence and corporate headquarters is in Bloomington, Illinois. Therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity jurisdiction).  As an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 and 28 U.S.C. §2202, this action is also brought seeking remedies pursuant to the Federal Declaratory Judgment Act.  The amount in controversy in this action exceeds $75,000, the jurisdictional requirement for federal diversity cases.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 because: (a) Defendant transacts business, or has agents who are found or transact business in this district; (b) Defendant markets and sells its insurance products in this district; and (c) the events complained of herein arose in this district.

### III.   <u>PARTIES</u>

7.      All of the allegations previously plead herein are re-alleged as though stated word-for-word.

8.      Plaintiff, Eileen Pete (hereinafter "Ms. Pete"), at all times relevant to this action was a resident of Morrilton, Conway County, Arkansas.

9.      Defendant, State Farm Mutual Automobile Insurance Company, (hereinafter "State Farm") is an insurance company registered and licensed to sell automobile insurance in Arkansas. State Farm is the largest auto insurer in the U.S. and it reported net income of $5.6 billion in 2019. It is also one of the largest automobile insurers in the state of Arkansas.  State Farm's agent for Service of Process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

10.      State Farm sold insurance policy No. 2398864F2304E to Ms. Pete, and said policy provided Underinsured Motorist Coverage. Said policy was in force at all times pertinent to this litigation. A certified copy of the Declarations Page is attached hereto as Exhibit "A."  In addition, a certified copy of the terms and conditions of the policy of insurance, as represented by the Defendant in a previous filing, is Exhibit "B."

11.      This is a class action whereby Plaintiff seeks for herself and all other similarly situated insured customers or former customers of Defendant, a finding that the Defendant willfully violated Arkansas law when, as a common policy and uniform business practice, Defendant failed to properly value reasonable medical expenses it owed to the Plaintiff and Class Members.

## IV.    FACTS

12.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

13.    On or about December 28, 2019, at approximately 7:26 p.m., Plaintiff, Eileen Pete, was stopped for traffic on the Westbound off-ramp of I-40 at the intersection of Highway 9 in Conway County, Arkansas.

14.    At that time, Robert Whisenant, while traveling westbound on the I-40 off-ramp, failed to stop for traffic, causing him to collide with the rear of Plaintiff's vehicle.

15.    The collision resulted in property damage to each of the vehicles and serious personal injury to Plaintiff.

16.    Mr. Whisenant was negligent in the following respects:

a)  failing to stop at the stop sign;

b)  failing to yield to traffic already in the roadway;

c)  failing to keep a proper lookout on the roadway;

d)  failing to keep his vehicle under reasonable control;

e)  failing to make proper use of the instrumentalities in his control so as to avoid an accident when he saw, or in the exercise of ordinary care should have seen the Plaintiff's vehicle; and

f)  failing to bring his vehicle under control or to change or divert its course when he saw, or in the exercise of ordinary care should have seen, that an accident was about to occur.

17.     These acts of negligence on the part of Mr. Whisenant, an underinsured motorist, were the direct and proximate cause of personal injuries and damages suffered by Ms. Pete.  As a proximate result of the negligence of Mr. Whisenant, Ms. Pete sustained multiple injuries including, but not limited to, serious injuries to her neck, left leg, and hip.  Ms. Pete also suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

18.     As a result of the motor vehicle accident, Plaintiff took reasonable steps in choosing her treatment plan and incurred medical bills in the amount of $23,532.75, which she is entitled to recover under Arkansas law.

19.     Plaintiff's damages are in excess of the amount of Mr. Whisenant's policy limits of $25,000.00.

20.     Mr. Whisenant's insurance company tendered its policy limits of $25,000.00

21.     At the time of the motor vehicle accident, Ms. Pete had Underinsured Motorist coverage with State Farm with policy limits of $25,000.00.

22.     Under the terms of Ms. Pete's policy, Mr. Whisenant was an underinsured motorist, and, therefore, Defendant has a duty to pay an amount in Underinsured Motorist Coverage that is sufficient to fully compensate the Plaintiff for her injury claim.

23.     Plaintiff provided State Farm with proof of loss pursuant to Ark. Code Ann. § 23-89-209 and made a claim for underinsured motorist coverage under her policy.

24.     On or about September 8, 2020, State Farm consented to the $25,000.00 limits settlement with Mr. Whisenant's liability insurance and State Farm proceeded to evaluate Ms. Pete's UIM claim.

25.     In its evaluation of the claim, State Farm proceeded to discount Plaintiff's medical bills to two times what Medicare would pay and stated it would only be accounting for $13,381.23 in medical specials, which resulted in an offer of $2,500.00 from State Farm on the UIM claim (an evaluation of $27,500.00 for the injury claim as a whole).  The only reason State Farm gave as to why it refused to fully account for the payment of all medical bills in its evaluation was that it was only willing to pay two times what Medicare would pay, and at no point was any other justification for the reduction in medical bills given.

26.     State Farm did not reduce the amount of the medical bills on the basis that the medical bills were not causally related to the underinsured motorist's negligence.

27.     Defendant breached its contract with Plaintiff by failing to pay underinsured motorist benefits in an amount sufficient to fully compensate the Plaintiff after valuing the medical expenses at twice the amount that Medicare would pay, rather than valuing them in accordance with Arkansas law.

28.     Based on good faith knowledge and belief, State Farm's practice of discounting reasonable medical expenses by refusing to pay any amount in excess of twice the Medicare rate has been uniformly applied to Defendant's Arkansas customers.[1]

---

**1** In recent years, State Farm's uniform practices have precipitated several class action lawsuits in Arkansas and around the country. See *e.g.*, *Stuart v. State Farm*, Case No. 4:14-cv-04001 (W.D. Ark. 2014)(claims discounted because of improper calculation for actual cash value.);  *Williams v. State Farm*, Case no. 4:11-CV-00749 KGB (E.D. Ark. 2011)(improper subrogation deductions from "med pay" and/or "PIP coverage"); *Hale v. State Farm*, Case No. 3:12-cv-00660 (S.D. Ill.)(Settlement of, *inter alia*,  unjust enrichment claim involving 4 million current and former policyholders); *Hicks v. State Farm*, 965 F.3d 452 (6th Cir. 2020)(breach of contract for claim underpayments to Kentucky insureds based on Improper calculations of actual cash value on property losses.); *Vogt v. State Farm, 963 F.3d 753 (8th Cir. 2020)* (State Farm ordered to repay 25,000 policy holders in Missouri after charging them undisclosed fees.)

29.     State Farm's discounting practice violates Arkansas insurance laws in several ways which include, but are not limited to the following:

a)  Failing to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

b)  Attempting to settle claims on the basis of an application that was altered without notice to, or knowledge or consent of, the insured;

c)  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts of applicable law for denial of a claim or for the offer of a compromise settlement;

d)  Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by those insureds; and

e)   Any other violations of law set forth in Ark. Code Ann. 23-66-206, et al., as the proof in this cause may support.

## V.     CLASS ACTION ALLEGATIONS

30.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

31.     This action is brought by Plaintiff as a class action, on her own behalf and on behalf of all others similarly situated, under Rule 23 of the Arkansas Rules of Civil Procedure.  Plaintiff seeks certification of this action as a class action on behalf of the following class: Arkansas Residents who have had claims for Underinsured and/or Uninsured coverage with State Farm which were discounted as a result of State Farm's failure to properly value their reasonable medical

expenses. The Class period is five years from the date of the filing of the original Complaint (11/19/2020) up through and until final judgment.  Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.  The class is so numerous that joinder of individual members herein is impracticable.

32.     There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

a)  Whether State Farm breached its contract with Class Members by refusing to properly value reasonable medical expenses.

b)  Whether State Farm failed to fully value the Class Members' reasonable medical expenses;

c)  Whether State Farm violated the Arkansas collateral source rule by reducing the amount of damages Class Members were entitled to recover by valuing medical treatment at only two times the rate of what Medicare would pay;

d)  Whether State Farm violated Arkansas insurance law;

e)  Whether State Farm has been unjustly enriched by discounting claims of its insureds;

f)  Whether State Farm's policies allow it to fail to pay the full value of reasonable medical expenses on UM and UIM claims;

g)  Whether State Farm's policies are ambiguous concerning the valuation of medical expenses incurred by its insureds;

h)  Whether State Farm's practice of discounting payment for medical treatment is a breach of its contract with the Plaintiff and other Class Members;

i)  Whether State Farm's practice of discounting payment for medical treatment in knowing violation of Arkansas law constitutes affirmative misconduct for which it may be liable to the Plaintiff and other Class Members under the tort of bad faith.

33.    The Plaintiff's claims are typical of the claims of the proposed class. The Defendant's practice is uniform and has resulted in the same damages to the Plaintiff and those similarly situated. There is no conflict between the Plaintiff and other members of the proposed.

34.    A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised herein.

35.    In the absence of class-action relief, the putative class members would be forced to prosecute hundreds of similar claims in different jurisdictions and venues.  The prosecution of these claims as a class action will promote judicial economy.  The claims raised herein are well-suited for class action relief.

36.    Resolving the legal claims raised by the Defendant's uniform and consistent practices is appropriate under Rule 23. This would benefit both the putative class and the Defendant through a single resolution of similar or identical questions of law or fact.

37.    The Plaintiff is interested in the outcome of this litigation and understands the importance of adequately representing the class.  Plaintiff will fairly and adequately protect the

interests of the class. The attorneys for Plaintiff and the Class are capable of handling complex civil litigation.

38.     As relief for these violations of Arkansas law, Plaintiff and all Class Members seek monetary restitution, monetary damages, plus interests, statutory penalties, litigation costs, and reasonable attorney's fees.

39.     As a result of its uniform policy of discounting claims for reasonable medical treatment, insureds like the Plaintiff have valid claims denied and are deprived of the relief to which they are entitled.   Many of State Farm's insureds are forced to institute costly and unnecessary litigation as a result of State Farm's uniform practices.[2]

## VI.    COUNT ONE: BREACH OF CONTRACT

40.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

41.     Plaintiff and Class Members currently have, had, or were covered under, a contract of automobile insurance with Defendant that included an optional Uninsured (UM) and/or Underinsured (UIM) motorist coverage which provided that Defendant would pay and/or value reasonable medical expenses resulting from injuries sustained in an automobile accident with an uninsured or underinsured motorist.

42.     It is well settled under Arkansas law and affirmed by the Arkansas Supreme Court in *Younts v. Baldor Elec. Co*., 310 Ark. 86 (1992) that Arkansas' collateral source rule "excludes evidence of benefits received by a plaintiff from a source collateral to the defendant" such as health

---

[2]      Recent news reports reflect a continuing trend of persons who are forced to take their insurance carriers to court after their claims are denied. Friedman, Mark, "Delay Tactics Highlight Trend in Denied Claims," <u>Arkansas Business</u>, Nov. 16, 2020.

insurance and that the plaintiff has "a substantive right not to have his recovery reduced if indeed he recovered from insurance for which he paid." *Id.*

43.    Under Arkansas' collateral source rule, when evaluating the amount in damages, a defendant is not allowed to reduce the damages to which a plaintiff is entitled simply because the plaintiff received health insurance benefits. *See id.*

44.    In order to comply with Arkansas law, when evaluating Plaintiff's claims, State Farm was required by law to not make any reductions based on any payments made by a health insurance or other collateral source.

45.    Under Arkansas law, it is well settled that the standard and definition of determining the reasonableness of an amount of a medical bill is not two times the rate of what Medicare would pay. *See Ponder v. Cartmell*, 301 Ark., 409 (1990).

46.    The Arkansas Supreme court in *Ponder* stated, "so long as an individual has used reasonable care on selecting a physician, she is entitled to recover from the wrong-doer to the full extent of her injury" 301 Ark. at 409. The Court went on to note that "If Plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expense for the care she receives, whether or not the care is medically necessary, are recoverable." *Id.* at 412.

47.    The Arkansas Supreme Court has gone even further to state that evidence of expenses incurred is evidence that the charges were reasonable. *See Bell v. Stafford*, 284 Ark. 196, 199 (1985).

48.    Defendant, throughout the Class Period, as a common policy and general business practice, violated the Arkansas collateral source rule by reducing its insureds' damages by limiting the reimbursement for treatment to only two times the rate of what Medicare would pay.

49.     Defendant, throughout the Class Period, as a common policy and general business practice, has refused to pay and/or value Plaintiffs' reasonable medical expenses in accordance with Arkansas law and the terms of its insurance contracts.

50.     State Farm owes its insureds an implied duty of good faith and fair dealing.  State Farm's practices as described herein constitute a breach of the implied duty of good faith and fair dealing. State Farm owes a duty to its insureds to conduct a fair investigation of a claim at its own expense.

51.     State Farm owes a duty to its insureds to conduct a prompt investigation of a claim at its own expense.

52.     State Farm owes a duty to its insureds to fully, fairly and promptly evaluate claims.

53.     State Farm owes a duty to its insureds to refrain from denying a claim or any part of a claim based on insufficient information.

54.     State Farm owes a duty to its insureds to refrain from denying a claim or any part of a claim based on faulty information.

55.     State Farm owes a duty to its insureds to adhere to Arkansas law, including, but not limited to, statutes prohibiting "Unfair Claims Settlement Practices."  *See* Ark. Code Ann. § 23-66-206, *et al.*

56.     State Farm owes a duty to its insureds to comply with the rules and regulations of the Arkansas Insurance Department.

57.     Good faith claims handling requires State Farm to give its insureds a prompt and forthright explanation of the company's position with respect to a claim.

58.     Good faith claims handling requires State Farm to determine the company's obligations under its policy at the time the accident or loss is reported and to discharge those obligations fairly and promptly.

59.     As described herein, State Farm has failed to fulfill one or more of the duties and obligations it owed to the Plaintiff and the Class. State Farm Automobile Insurance Company has breached the policy of insurance it issued to Plaintiff and Class Members by failing to properly evaluate and pay the claims for uninsured and underinsured motorist coverage to its insureds who at all material times herein fully complied with the terms of the policy of motor vehicle insurance and, specifically, by unlawfully valuing "reasonable medical expenses" at a rate of twice the amount that Medicare would pay, in violation of the Arkansas collateral source rule, Arkansas case law discussed hereinabove, and Ark. Code Ann. § 23-66-206.

## VII.   COUNT FOUR: UNJUST ENRICHMENT

60.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

61.     State Farm has been unjustly enriched by its failure to properly value and pay claims for its insured's reasonable medical treatment.

62.     State Farm's actions as described herein were unjust and inequitable in that it devalued the claims of the Plaintiff and other Class Members.

63.     As a result of its unjust actions, State Farm was unjustly enriched by receiving something of value to which it was not entitled.  State Farm retained, and had the beneficial use of, money that the Plaintiff and Class Members were entitled to and should have received in payment of their claims.

64.     As a result of their unjust and inequitable actions, State Farm was unjustly enriched by receiving monetary benefit under such circumstances that, in equity and good conscience, it should not retain.

65.     The Plaintiff and Class Members have been damaged as a result of State Farm's actions and are entitled to damage for restitution and other relief.

## VIII.   COUNT FIVE: TORT OF BAD FAITH

66.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

67.     At all times relevant to this case, State Farm had a duty to act in good faith and deal fairly with the Plaintiff and other Class Members.

68.     State Farm is aware and has been at all material times referenced herein, of the law in Arkansas as set forth in this Complaint.

69.     The refusal of State Farm to value the medical bills of the Plaintiff and Class Members in compliance with Arkansas law is bad faith.

70.     State Farm's undervaluing of the medical bills incurred by the Plaintiff and other Class Members in knowing violation of Arkansas law constitutes an act of affirmative misconduct without a good faith defense.

71.     State Farm engaged in bad faith by consciously disregarding Arkansas law when evaluating Plaintiff's underinsured motorist claim and by refusing to pay the reasonable medical bills of the Plaintiff and other Class Members in its evaluation of uninsured and underinsured motorist claims during the Class Period.

72.     State Farm has intentionally adopted business practices that are dishonestly, oppressively, and/or maliciously pursued and directed at the Plaintiff and other similarly situated customers for the purpose of avoiding its legal obligations to pay legitimate losses.

73.     State Farm has consciously and knowingly engaged in an intentional course of misconduct by refusing to acknowledge Arkansas law requiring State Farm to pay the reasonable value of the medical bills of the Plaintiff and other Class Members without considering any potential payments made from any health insurance.

74.     Furthermore, State Farm failed to provide any information as to why it willfully and knowingly chose to disregard Arkansas law in evaluating Plaintiff's underinsured and in evaluating the uninsured and undersigned motorist claims of the other Class Members.

75.     Failure to discharge the duties and obligations owed to its policyholders in good faith constitutes dishonest, oppressive, and/or malicious conduct designed to avoid paying benefits under the policy.

76.     State Farm knowingly and willfully failed to discharge these duties and obligations owed to the Plaintiff and other Class Members.  State Farm was aware of Arkansas law and there is no good faith defense to State Farm's actions, and these actions were not the result of an honest error in judgment as State Farm was aware it was knowingly and willfully violating Arkansas law.

77.     These dishonest and oppressive tactics serve only to pad the profit margins of State Farm by refusing to pay the full value of valid claims under Arkansas law.

78.     The Plaintiff and other Class Members have incurred medical debt that has not been paid due to State Farm's willful refusal to follow Arkansas law and pay all of the Plaintiff's medical bills.

79.     The Plaintiff and other Class Members have sustained damages and continue to sustain damages due to State Farm's refusal to observe Arkansas law in the evaluation of their medical expenses.

80.     State Farm's willful, dishonest and oppressive conduct constitutes bad faith in the state of Arkansas.

81.     Defendant State Farm has no good faith defense to explain their willful misconduct of "skimming off the top," which it knew was in violation of Arkansas law.

82.     Plaintiff and other Class Members are entitled to damages proximately caused by State Farm's acts and/or omissions which constitute bad faith.

## IX.     DECLARATORY AND INJUNCTIVE RELIEF

83.     All of the allegations previously plead herein are re-alleged as though stated word for word.

84.     An actual case and controversy within the meaning of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, which may be adjudicated by this Court exists between Plaintiff, the proposed class members, and the Defendant.

85.     Plaintiffs and all members of the proposed class have, had, or were covered under a contract of automobile insurance with Defendant.  Defendant's contract for automobile coverage provides that its insureds are treated consistent with the requirements of the laws and regulations of the appropriate state.  Arkansas law controls how the Defendant's insured customers who reside in Arkansas must be treated by Defendant.

86.     The automobile insurance contract between Plaintiff, as well as all other similarly situated insureds, and Defendant contained an optional "uninsured" and/or "underinsured"

coverage provision which provided that Defendant would pay for reasonable medical expenses resulting from injuries sustained by uninsured or underinsured motorists.

87.     The contract of insurance between the Plaintiff, as well as all those similarly situated, and Defendant provided that Defendant is required to pay reasonable medical expenses.

88.     It is well-settled that Arkansas' collateral source rule prohibits the Defendant from reducing the damages the Plaintiff is entitled to receive simply because Plaintiff received health insurance benefits.

89.     It is also well-settled Arkansas case law that the definition of what constitutes reasonable medical expenses is not two times the rate of what Medicare would pay.

90.     Defendant, as a common policy and general business practice, knowingly and willfully refused to pay reasonable medical expenses in accordance with Arkansas law by only paying two times the rate of what Medicare would pay.  Accordingly, Defendant has and continues to violate Arkansas law.

91.     Defendant will continue to disregard Arkansas law and take advantage of its insureds by refusing to pay reasonable medical expenses in accordance with Arkansas law and the terms of the contract between Plaintiff and Defendant.

92.     Plaintiff, and Class Members, seek Declaratory Judgment that the Defendant's contract of insurance provides the Defendant to pay reasonable medical expenses in accordance with Arkansas law and that:

> (a) The collateral source rule in Arkansas prohibits the Defendant from reducing the damages the Plaintiffs are entitled to receive simply because the Plaintiffs received health insurance or other collateral source benefits;

(b) Reasonable medical expenses, per Arkansas law, is not two times the rate of what Medicare would pay;

(c) As long as an individual has used reasonable care on selecting a physician, she is entitled to recover from the wrong-doer to the full extent of her injury;

(d) If a Plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable;

(e) Defendant, State Farm Mutual Automobile Insurance Company, has engaged in unfair claims settlement practices pursuant to Ark. Code Ann. § 23-66-206, and has breached its policy of motor vehicle insurance it issued to Plaintiffs (i.e., Eileen Pete and all proposed Class Members) by failing to properly evaluate and pay the claims for uninsured and underinsured motorist coverage to its insureds who at all material times herein fully complied with the terms of the policy of motor vehicle insurance and, specifically, by unlawfully valuing "reasonable medical expenses" at a rate of twice the amount that Medicare would pay, in violation of Arkansas law.

93.     Defendant, through its unlawful actions, has kept and continues to keep for itself a portion of its insureds' settlement proceeds that are intended to pay medical expenses incurred from a vehicle accident with an underinsured or uninsured motorist.  Defendant will continue to engage in this unlawful practice unless and until such time as an adjudication is made prohibiting it.  Therefore, and accordingly, Plaintiff and all proposed Class Members are entitled to seek, and do in fact seek, injunctive relief specifically prohibiting State Farm Mutual Automobile Insurance

Company from unlawfully valuing reasonable medical expenses in first party Uninsured and Underinsured Motorist bodily injury claims at a rate of twice the amount that Medicare would pay, in violation of Arkansas law, at any time in the future.

## X.   DAMAGES

94.   All of the allegations previously pled herein are re-alleged as though stated word-for-word.

95.   Plaintiff Eileen Pete is entitled to recover the following damages, all of which were proximately caused by the negligence of Robert Whisenant, an underinsured motorist:

(a) The nature, extent, duration, and permanency of her injuries;

(b) The full extent of the injuries she sustained;

(c) The expense of her medical care, treatment and services received, including transportation, and those expenses that are reasonably certain to be required in the future;

(d) Any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e) The visible results of her injuries.

(f) any other element of damages recognized by Arkansas law as shall be proven by Plaintiff at trial.

96.   Plaintiff and all persons similarly situated are entitled to restitution for any claims previously paid, damages for any unadjudicated claims for Uninsured and/or Underinsured motorist coverage, reasonable attorney's fees, statutory penalties, costs of litigation and other relief.

97.     As a result of State Farm Mutual Automobile Insurance Company's breach of contract, Plaintiff and Class members are entitled to monetary damages, attorney's fees, interest, and the twelve percent (12%) statutory penalty provided by Ark. Code Ann. § 23-89-208.

98.     As a result of State Farm Mutual Automobile Insurance Company's bad faith, Plaintiff and the Class members, Plaintiff and Class members are entitled to monetary damages, attorney's fees, interest, and the twelve percent (12%) statutory penalty provided by Ark. Code Ann. § 23-89-208.

99.     Plaintiff is also entitled to punitive damages because State Farm knew or ought to have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in damage and that it continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred.  State Farm will continue to value medical expenses at twice the amount that Medicare would pay for the same services for as long as they feel emboldened to fatten their purse in this manner.  "Skimming off the top" of each claim maximizes State Farm's profits generated by the premiums paid by its policyholders, and a punitive damages award is necessary and appropriate in order to deter State Farm and other automobile insurance carriers from engaging in the same or similar misconduct.

100.    Plaintiff reserves the right to amend this pleading.

101.    Plaintiff requests a jury trial.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that this Court:

a)   Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and that Ms. Pete is a proper class representative;

b)   Enter a Declaratory Judgment that the collateral source rule in Arkansas prohibits the Defendant from reducing the damages the Plaintiffs are entitled to receive simply because the Plaintiffs received health insurance or other collateral source benefits;

c)   Enter a Declaratory Judgment that reasonable medical expenses, per Arkansas law, is not two times the rate of what Medicare would pay for the same services;

d)   Enter a Declaratory Judgment that as long as an individual has used reasonable care on selecting a physician, she is entitled to recover damages from the wrong-doer to the full extent of her injury;

e)   Enter a Declaratory Judgment that if a Plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable;

f)   Enter a Declaratory Judgment that Defendant, State Farm Mutual Automobile Insurance Company, has engaged in unfair claims settlement practices pursuant to Ark. Code Ann. § 23-66-206 and has breached its policy of motor vehicle insurance it issued to Plaintiffs (i.e., Eileen Pete and all proposed Class Members) by failing to properly evaluate and pay the claims for uninsured and underinsured motorist coverage to its insureds who at all material times herein

fully complied with the terms of the policy of motor vehicle insurance and, specifically, by unlawfully valuing reasonable medical expenses at a rate of twice the amount that Medicare would pay, in violation of the Arkansas collateral source rule;

g) Enter a Judgment against the Defendant, State Farm Mutual Automobile Insurance Company, in addition to monetary restitution, monetary damages, attorney's fees, the twelve percent (12%) penalty and interest provide by law, pre-judgment and post-judgment interest, litigation costs, and punitive damages in a total amount of damages exceeding the jurisdictional minimum for federal diversity cases;

h) Enter a permanent Injunction specifically prohibiting State Farm Mutual Automobile Insurance Company from unlawfully valuing reasonable medical expenses in Uninsured and Underinsured Motorist bodily injury claims at a rate of twice the amount that Medicare would pay for those same services, in violation of Arkansas law, at any time in the future.

i) That her counsel be appointed Class Counsel;

j) That she and the Class be granted the relief requested herein; and

k) That she and the Class be granted any and all other just and proper relief to which they may be entitled.

Respectfully submitted,

Law Offices of Alan LeVar
702 Caddo Street
Arkadelphia, AR 71923
Phone: (870) 246-7070
Fax: (501) 588-0086
E-mail: drew@levarlaw.com


By:      /s/ John Andrew Ellis
_____
Alan LeVar, AR Bar No. 96155
John Andrew Ellis, AR Bar 99012
Colton Gregory, AR Bar No. 2013181
Jose Ruiz, AR Bar No. 2019125

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that on  September 27, 2021, I electronically filed the foregoing with the Clerk of the Court via CM/ECF, which shall send notification of such filing to the following:

Emily Runyon
Munson, Rowlett, Moore, & Boone, P.A.
400 West Capitol Ave., Ste. 1900
Little Rock, AR 72201
Emily.runyon@mrmblaw.com


Joseph A. Cancilla, Jr.
Sondra A. Hemeryck
Riley Safer Holmes & Cancilla LLP
70 W. Madison St., Suite 2900
Chicago, IL  60602
jcancilla@rshc-law.com
shemeryck@rshc-law.com


      /s/ John Andrew Ellis
_____
John Andrew Ellis