IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**EILEEN PETE, on behalf of herself and all
others similarly situated**                                                                  **PLAINTIFF**

v.                              Case No. 4:21-cv-00056 KGB

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**                                                                 **DEFENDANT**

## ORDER

Before the Court is defendant State Farm Mutual Automobile Insurance Company's ("State Farm") partial motion to dismiss plaintiff's second amended class-action complaint (the "operative complaint") (Dkt. No. 32). Plaintiff Eileen Pete responded to State Farm's partial motion to dismiss the operative complaint (Dkt. Nos. 34; 35). State Farm replied to the response (Dkt. No. 46). For the reasons set forth below, the Court grants, in part, and denies, in part, State Farm's partial motion to dismiss Ms. Pete's operative complaint (Dkt. No. 32).

**I.   Background**

Ms. Pete brought her class-action complaint and first amended class-action complaint in the Circuit Court of Conway County, Arkansas (Dkt. Nos. 1; 2). State Farm removed the case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1332(a), 1367, 1441, and 1446 (Dkt. No. 1, at 1). The Court granted Ms. Pete's motion for leave to amend complaint to file a second amended complaint (Dkt. No. 27). At the same time, the Court denied as moot defendant State Farm's motion to dismiss Ms. Pete's first amended complaint (*Id.*). The Court recognized, however, that State Farm's arguments for dismissing Ms. Pete's claims might remain the same in response to the proposed second amended complaint as they were to the first amended complaint, and the Court specifically

left open the opportunity for State Farm to file a separate motion to dismiss in response to the operative complaint (*Id.*, at 13).

In the operative complaint, Ms. Pete seeks to represent a class of "Arkansas Residents who have had claims for Underinsured and/or Uninsured coverage with State Farm which were discounted as a result of State Farm's failure to properly value their reasonable medical expenses." (*Id.*, ¶ 31).

Ms. Pete asserts that State Farm sold her insurance policy No. 2398864F2304E ("the policy") (Dkt. No. 28, ¶ 10). On December 28, 2019, Ms. Pete was stopped for traffic on the westbound off-ramp of Interstate 40, at the intersection of Highway 9 in Conway County, Arkansas, when she was rear ended by a vehicle being operated by Robert Whisenant (*Id.*, ¶¶ 13-14). The collision resulted in property damage to both vehicles and personal injury to Ms. Pete (*Id.*, ¶ 15). Ms. Pete maintains Mr. Whisenant was negligent (*Id.*, ¶ 16).

Ms. Pete asserts that, under the terms of the policy, Mr. Whisenant was an underinsured motorist ("UIM") when his alleged negligence directly and proximately caused Ms. Pete personal injuries and damages (*Id.*, ¶ 17). Ms. Pete asserts damages in excess of the amount of Mr. Whisenant's policy limits of $25,000.00 (*Id.*, ¶ 19). Mr. Whisenant's insurance company tendered its policy limits of $25,000.00 (*Id.*, ¶ 20). At the time of the motor vehicle accident, Ms. Pete had UIM coverage with State Farm with policy limits of $25,000.00 (*Id.*, ¶ 21). Ms. Pete asserts that State farm has a duty to pay benefits in a sum consistent with her damages under the policy because her damages are in excess of the amount of Mr. Whisenant's policy limits of $25,000.00 (*Id.*, ¶ 22). Ms. Pete provided State Farm with proof of loss under Arkansas Code Annotated § 23-89-209 and made a claim for UIM coverage under her policy (*Id.*, ¶ 23).

Ms. Pete maintains that State Farm consented to the $25,000.00 limits settlement with Mr. Whisenant's liability insurance carrier and that State Farm proceeded to evaluate Ms. Pete's UIM claim (*Id.*, ¶ 24).  Ms. Pete asserts that State Farm has denied sufficient payment on her UIM claim due to its valuing the medical expenses at twice the amount that Medicare would pay rather than valuing her claim in accordance with Arkansas law (*Id.*, ¶¶ 25-27).  Ms. Pete further maintains, "based on good faith knowledge and belief, State Farm's practice of discounting reasonable medical expenses by refusing to pay any amount in excess of twice the Medicare rate has been uniformly applied to defendant's Arkansas customers." (*Id.*, ¶ 28).  Ms. Pete claims that State Farm's "discounting practice" violates Arkansas insurance laws in several ways (*Id.*, ¶ 29).

Ms. Pete asserts claims for:  (1) breach of contract; (2) unjust enrichment; and (3) tort of bad faith (Dkt. No. 28, ¶¶ 40-82).  Ms. Pete seeks declaratory and injunctive relief in addition to damages (*Id.*, ¶¶ 83-101).

### A. Facts Alleged Related To Bad Faith

Ms. Pete contends that State Farm had a duty to act in good faith and to deal fairly with her and other class members (*Id.*, ¶ 67).  Ms. Pete asserts that State Farm is aware of the law in Arkansas and that the refusal of State Farm to value the medical bills of Ms. Pete and class members in compliance with Arkansas law is bad faith (*Id.*, ¶¶ 68, 69).  Ms. Pete contends that State Farm's under valuing of the medical bills incurred by Ms. Pete and other class members in knowing violation of Arkansas law constitutes an act of affirmative misconduct without a good faith defense (*Id.*, ¶ 70).  Ms. Pete maintains that State Farm engaged in bad faith by consciously disregarding Arkansas law when evaluating Ms. Pete's UIM claim and by refusing to pay the reasonable medical bills of Ms. Pete and other class members in its evaluation of uninsured motorist ("UM") claims and UIM claims during the class period (*Id.*, ¶ 71).  Ms. Pete asserts that

State Farm has intentionally adopted business practices that are dishonestly, oppressively, and/or maliciously pursued and directed at Ms. Pete and other similarly situated customers for the purpose of avoiding its legal obligations to pay legitimate losses (*Id.*, ¶ 72).  Ms. Pete claims that State Farm has consciously and knowingly engaged in an intentional course of misconduct by refusing to acknowledge Arkansas law requiring State Farm to pay the reasonable value of the medical bills of Ms. Pete and other class members without considering any potential payments made from any health insurance (*Id.*, ¶ 73).  Additionally, Ms. Pete maintains that State Farm failed to provide any information as to why it willfully and knowingly chose to disregard Arkansas law in evaluating Ms. Pete's UIM claim and in evaluating the UM claims of other class members (*Id.*, ¶ 74).  Ms. Pete asserts that State Farm's failure to discharge the duties and obligations owed to its policy holders in good faith constitutes dishonest, oppressive, and/or malicious conduct designed to avoid paying benefits under the policy and that State Farm knowingly and willfully failed to discharge these duties and obligations owed to Ms. Pete and other class members (*Id.*, ¶¶ 75-76).

      Ms. Pete maintains that State Farm was aware of Arkansas law, that there is no good faith defense to its' actions, and that the actions were not the result of an honest error in judgment (*Id.*, ¶ 76).  Ms. Pete claims that she and other class members have incurred medical debt that has not been paid due to State Farm's willful refusal to follow Arkansas law and to pay all of her medical bills, and Ms. Pete asserts that she and other class members have sustained and continue to sustain damages due to State Farm's refusal to observe Arkansas law in the evaluation of medical expenses (*Id.*, ¶ 80).  Ms. Pete claims that State Farm's willful, dishonest, and oppressive conduct constitutes bad faith under Arkansas law and that "State Farm has no good faith defense to explain [its] willful misconduct of 'skimming off the top,' which it knew was in violation of Arkansas law." (*Id.*, ¶ 81).

State Farm moves to dismiss partially the operative complaint. Specifically, State Farm moves to dismiss Ms. Pete's claims for bad faith and for declaratory and injunctive relief for failure to state a claim on which relief can be granted (Dkt. No. 32, ¶ 2). State Farm maintains that Ms. Pete has not satisfied the high bar set under Arkansas law to establish a bad faith claim (*Id*., ¶ 3). State Farm also contends that the Court cannot grant Ms. Pete's claims for declaratory and injunctive relief. State Farm argues that, because there is no possibility that Ms. Pete will again be injured in an auto accident and submit an UIM claim to State Farm, asking the Court in her operative complaint to opine on abstract legal issues unconnected to the case is improper and requesting in her operative complaint declaratory relief is duplicative of her other claims (*Id*., ¶ 3).

Ms. Pete responded to the partial motion to dismiss. She argues in response that the Court in granting her motion to amend has ruled that her bad faith claim has been properly pled and her claims for injunctive and declaratory relief are proper (Dkt. No. 34, ¶ 2). Ms. Pete maintains that State Farm is knowingly violating Arkansas law and engaging in bad faith by only valuing medical expenses at twice the Medicare rate and by retaining money that should have been paid to its insured on injury claims for premiums paid to State Farm for UIM coverage (*Id*., ¶¶ 3, 6). Ms. Pete asserts that it is well settled under Arkansas law that the reasonableness of Ms. Pete's medical expenses is not "two times the rate of what Medicare would pay." (*Id*., ¶ 11). Ms. Pete maintains that State Farm lied to their insured by refusing to pay medical bills in accordance with Arkansas law which constitutes an affirmative act of misconduct without a good faith defense (*Id*., ¶ 16).

State Farm filed a reply brief in further support of its partial motion to dismiss Ms. Pete's operative complaint (Dkt. No. 46). State Farm reiterates that Ms. Pete's bad faith claim falls short of the high bar for a bad faith claim under Arkansas law and notes that the Court in its Order granting Ms. Pete's motion to amend did not foreclose State Farm from bringing a motion to

dismiss (*Id.*, at 5). State Farm also maintains that Ms. Pete's claims for declaratory relief are based on abstract legal issues that are not tied to facts in the case and that her request for a declaration that State Farm has breached the policy is duplicative of Ms. Pete's breach of contract claim (*Id.*).

### B. Facts Alleged Related To Declaratory And Injunctive Relief

The operative complaint asserts that members of the proposed class all have or had coverage under a contract of automobile insurance with State Farm that contained an optional uninsured or underinsured coverage provision which provided that State Farm would pay for reasonable medical expenses resulting from injuries sustained by uninsured or underinsured motorists (Dkt. No. 28, ¶ 86). Ms. Pete's contract with State Farm as well as those of the proposed class required that State Farm pay reasonable medical expenses; Ms. Pete asserts that it is well settled under Arkansas's collateral source rule that State Farm is prohibited from reducing the damages a plaintiff is entitled to receive because the plaintiff received health insurance benefits (*Id.*, ¶ 87). Ms. Pete also asserts that it is well settled that reasonable medical expenses is not two times what Medicare would pay (*Id.*, ¶ 89). Ms. Pete maintains that State Farm has a common policy and general business practice of knowingly and willfully refusing to pay reasonable medical expenses in accordance with Arkansas law by only paying two times the rate of what Medicare would pay; she argues that, absent the relief she seeks, State Farm will continue to disregard Arkansas law and take advantage of its insureds by refusing to pay reasonable medical expenses in accordance with Arkansas law and the terms of the contract between Ms. Pete and State Farm (*Id.*, ¶¶ 89; 91).

Ms. Pete and class members seek a declaratory judgment that State Farm's contract of insurance provides State Farm to pay reasonable medical expenses in accordance with Arkansas law and that:

    a.    The collateral source rule in Arkansas prohibits the Defendant from reducing the damages the Plaintiffs are entitled to receive simply because the Plaintiffs received health insurance or other collateral source benefits;

    b.    Reasonable medical expenses, per Arkansas law, is not two times the rate of what Medicare would pay;

    c.    As long as an individual has used reasonable care on selecting a physician, she is entitled to recover from the wrong-doer to the full extent of her injury;

    d.    If a Plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable;

    e.    Defendant [State Farm], has engaged in unfair claims settlement practices pursuant to Ark. Code Ann. § 23-66-206, and has breached its policy of motor vehicle insurance it issued to Plaintiffs (i.e. Eileen Pete and all proposed Class Members) by failing to properly evaluate and pay the claims for uninsured and underinsured motorist coverage to its insured who at all material times herein fully complied with the terms of the policy of motor vehicle insurance and, specifically, by unlawfully valuing "reasonable medical expenses" at a rate of twice the amount that Medicare would pay, in violation of Arkansas law.

(Dkt. No. 28, ¶ 92). Additionally, Ms. Pete and all proposed class members seek injunctive relief "prohibiting [State Farm] from unlawfully valuing reasonable medical expenses in first party Uninsured and Underinsured Motorist bodily injury claims at a rate of twice the amount that Medicare would pay, in violation of Arkansas law, at any time in the future." (*Id.*, ¶ 93).

## II.  Legal Standard

A Federal Rule of Civil Procedure 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

7

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Finally, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents or exhibits attached to a complaint, as well as matters of public and administrative record referenced in the complaint. *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

**III.    Analysis**

**A.    Bad Faith**

Ms. Pete alleges that State Farm sold her a policy that provided UIM coverage that was in full force at the time of her motor vehicle accident involving an underinsured motorist. In the operative complaint, Ms. Pete alleges that she took reasonable steps in choosing her treatment plan and incurred medical bills in the amount of $23,532.75 (Dkt. No. 28, ¶ 18). Ms. Pete asserts that State Farm consented to her settlement with the tortfeasor for $25,000.00 and made an offer of payment under her UIM coverage in which State Farm stated that "it would only be accounting for $13,381.23 in medical specials, which resulted in an offer of $2,500.00 from State Farm on the [underinsured motorist] claim." (*Id*., ¶ 25). Ms. Pete asserts that, in evaluating her UIM claim, State Farm discounted her medical bills to two times what Medicare would pay and maintains that "at no point was any other justification for the reduction in medical bills given" (*Id*.).

State Farm maintains that Ms. Pete's allegations do not rise to the level of misconduct required to establish bad faith under Arkansas law. State Farm asserts that Ms. Pete claims State Farm made a low initial settlement offer to which Ms. Pete never responded prior to filing suit and that "there is no allegation that State Farm indicated that the offer represented its final position regarding the value of [Ms. Pete's] UIM claim." (Dkt. No. 33, at 11). State Farm also asserts that a bad faith claim cannot be based upon a good faith denial, offers to compromise a claim, or for other honest errors of judgment by the insurer. (*Id*., at 12 (quoting *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 664 S.W.2d 463, 465 (Ark. 1984)). State Farm also points the Court to *Flowers v. American National Property & Casualty Co.*, a case where the Court rejected a plaintiff's assertion that the defendant insurer engaged in bad faith by having a general practice of

9

lowballing a settlement offer for a UIM claim. Case No. 4:19-cv-00385-LPR, 2020 WL 5833994, at *3 (E.D. Ark. Sept. 30, 2020).

"Arkansas recognizes a claim for bad faith when 'an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured.'" *Selmon v. Metro. Life Ins. Co.,* 277 S.W.3d 196, 201 (Ark. 2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman,* 64 S.W.3d 720, 723 (Ark. 2002)). Mere negligence or bad judgment on the part of the insurer is insufficient so long as the insurer is acting in good faith. *Id.* "The tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Id.* The affirmative misconduct "must be carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Sims v. State Farm Mut. Auto. Ins. Co.*, 894 F.3d 941, 945 (8th Cir. 2018) (quoting *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 991 S.W.2d 555, 559 (Ark. 1999)).

Here, Ms. Pete fails to allege adequately the tort of bad faith. Taking the allegations in the operative complaint as true, Ms. Pete asserts that the policy she purchased from State Farm contained UIM coverage (Dkt. No. 28, ¶ 22). Ms. Pete was in a motor vehicle accident with Mr. Whisenant, who Ms. Pete claims was an UIM and whose negligence Ms. Pete claims proximately caused her injuries (*Id.*, ¶ 17). Ms. Pete asserts that she took reasonable steps in choosing her treatment plan and incurred medical bills in the amount of $23,532.75 (*Id.*, ¶ 18). Mr. Whisenant's insurance company tendered its policy limits of $25,000.00 (*Id.*, ¶ 20). State Farm consented to the $25,000.00 limits settlement with Mr. Whisenant's liability insurance carrier (*Id.*, ¶ 24). State Farm evaluated Ms. Pete's claim (*Id.*, ¶ 25). For settlement purposes, it evaluated Ms. Pete's medical bills at two times what Medicare would pay at $13,381.23, and State Farm offered Ms. Pete an additional $2,500.00 above the $25,000.00 it approved in settlement with the tortfeasor's carrier to settle Ms. Pete's UIM claim (*Id.*). State Farm asserts that this was an initial settlement

offer to which Ms. Pete did not respond, and Ms. Pete has not disputed that fact (Dkt. No. 35, at 2).

Even if true, the Arkansas Supreme Court has found that allegations such as those made by Ms. Pete in the operative complaint do not support a claim of bad faith. *See, e.g., Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 664 S.W.2d 463, 465 (Ark. 1984) ("a claim [of bad faith] cannot be based upon good faith denial, offers to compromise a claim . . ."); *Stevenson v. Union Standard Ins. Co.*, 746 S.W.2d 39, 42 (Ark. 1988) ("[R]efusal to pay a disputed claim does not constitute the tort of bad faith."). Additionally, an insurer does not engage in bad faith by making a lowball offer to settle an UIM claim, which is what the Court construes the complaint to allege to have happened here. *See Flowers*, 2020 WL 5833994, at *4; *Tilghman v. Allstate Prop. & Cas. Ins. Co.*, Case No. 3:17-cv-00335 BSM, 2019 WL 3956278, at *2 (E.D. Ark. Aug. 21, 2019).

Even though Ms. Pete agrees that a lowball settlement offer is not sufficient to establish bad faith, Ms. Pete asserts that State Farm's conduct "goes well beyond negligence, gross ignorance, or a complete failure to investigate a claim'" (Dkt. No. 35, at 8). Ms. Pete contends that State Farm is the largest insurer in the United States, and it is aware of Arkansas law. Ms. Pete asserts a misrepresentation based on the fact that the policy does not say that Sate Farm will only pay a fraction of the medical expenses or that it will pay twice the Medicare rate of medical expenses; she further asserts that the policy binds the insurer to comply with Arkansas law. The parties demonstrate through their filings a disagreement as to what Arkansas law requires on this point (*Compare* Dkt. No. 35, at 7-8 *with* Dkt. No. 46, at 8-10). The Court cannot infer malice from the allegations in the operative complaint, which include allegations of State Farm agreeing to Ms. Pete's settlement with the tortfeasor and State Farm making an initial offer to settle Ms. Pete's UIM claim. *See George's Inc. v. Lloyd's of London Syndicate 4000 Issuing Certificate No.*

11

*CPP1877167*, Case No. 5:20-cv-05098, 2020 WL 6829959, at *8 (W.D. Ark. Nov. 20, 2020) (dismissing without prejudice bad faith denial of coverage claim because plaintiff's allegations did not demonstrate "hatred, ill will, or a spirit of revenge" as required under Arkansas law and because the Court could not reasonably infer based on the allegations before it that defendants acted with malice) (citing *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84, 88 (Ark. 2005)).

### B.     Injunctive Relief

State Farm also moves to dismiss Ms. Pete's claims for injunctive relief. "To demonstrate standing for prospective relief, the plaintiffs must show that they face 'a real and immediate threat that [they] would again suffer similar injury in the future,' not a conjectural or hypothetical one. Their previous injuries do not give them standing to pursue injunctive or declaratory relief; they must show they are experiencing an ongoing injury or an immediate threat of injury." *Webb as next friend of K. S. v. Smith*, 936 F.3d 808, 814–15 (8th Cir. 2019) (quoting *Frost v. Sioux City*, 920 F.3d 1158, 1161 (8th Cir. 2019)).

State Farm argues that the operative complaint fails to allege any facts indicating there is an impending risk that Ms. Pete will sustain an injury as a result of State Farm's alleged use of the "twice Medicare" because that would require that Ms. Pete again be injured in an accident caused by the negligence of another driver, that the driver be uninsured or underinsured, and that Ms. Pete submit a UM/UIM claim to State Farm (Dkt. No. 33, at 14-15). Ms. Pete asserts that her claim remains open and pending and has not been liquidated into any judgment, settlement, or other monetary recovery (Dkt. No. 35, at 9). She argues that, because State Farm maintains the purse strings, she is in danger of sustaining injury from State Farm unlawfully discounting her medical expenses and State Farm's misconduct persisting unabated; she claims and injunctive relief is therefore proper (*Id.*).

The Court recognizes that there is a continuing dispute between Ms. Pete and State Farm over the accident with Mr. Whisenant. There are no allegations in the operative complaint, however, that there is an immediate threat that Ms. Pete will in the future make an UIM claim to State Farm beyond the claim already submitted to State Farm related to her accident with Mr. Whisenant. The lack of a continuing dispute over whether State Farm failed to pay Ms. Pete all that is owed on this claim is insufficient to confer standing for a future claim that warrants an award of prospective relief.

State Farm cites to *Eastman v. Allstate Insurance Company* to argue "the presence of a continuing dispute over whether State Farm failed to pay [Ms. Pete] all that was owed is insufficient" to confer standing (Dkt. No. 46, at 12). Case No. 14-cv-0703-WQH-NLS, 2014 WL 5355036, at *4 (S.D. Cal. Oct. 20, 2014). In *Eastman*, the United States District Court for the Southern District of California applied a California statute to determine if it was proper to grant injunctive relief. In *Eastman*, the Court rejected the plaintiffs' claims for prospective injunctive relief because the plaintiffs had not established a reasonable probability that the past acts of denial of coverage would recur in the future even if the present dispute between the parties was ongoing. *Id*. Similarly, here Ms. Pete's assertion of an ongoing dispute with State Farm over her current claim related to her accident with Mr. Whisenant is not a sufficient basis to seek prospective injunctive relief. On the record before the Court Ms. Pete has not established a real and immediate threat that she will suffer harm from State Farm's denial of coverage of a future UM/UIM claim. *Brazil v. Ark. Dep't of Hum. Servs.*, 892 F.3d 957, 960 (8th Cir. 2018) (determining that plaintiff's claim for prospective injunctive relief was moot because she was "under no 'real and immediate' threat of future retaliation").

The Court understands Ms. Pete to also point to the claims of putative class members to assert standing. The alleged injuries of putative class members are insufficient to confer standing because Ms. Pete must establish a right to equitable relief on her own, not through claims of the class. *See O'Shea v. Littleton*, 414 U.S. 488, 949-95 (1974); *see also Green v. Skyline Highland Holdings LLC*, Case No. 4:17-cv-00534 BSM, 2018 WL 3800240, at *3 (E.D. Ark. June 12, 2018); *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 763 (W.D. Mo. 2015). The Court determines based on the record before it that Ms. Pete lacks standing to bring claims for injunctive relief and grants State Farm's motion to dismiss Ms. Pete's claims for injunctive relief.

    **C.**    **Declaratory Relief**

State Farm also argues that Ms. Pete's claims for declaratory relief are improper because her claims are "not tied to the facts of this case." (Dkt. No. 33, at 15-17). State Farm asserts, for example, that Ms. Pete's request for a declaration that reasonable medical expenses is not two times the rate of what Medicare would pay is not "tied to the facts of this case." (*Id.*, at 16). The Court disagrees. Ms. Pete's claims against State Farm resulting from her accident with Mr. Whisenant remain unresolved and are ongoing. Ms. Pete seeks declaratory relief related to State Farm's processing of her UIM claim following the accident with Mr. Whisenant. In the operative complaint, Ms. Pete asserts that State Farm evaluated her medical bills at two times what Medicare would pay at $13,381.23, and State Farm offered Ms. Pete an additional $2,500.00 above the $25,000.00 it approved in settlement with the tortfeasor's carrier to settle her UIM claim (Dkt. No. 28, ¶ 25). State Farm asserts that this was an initial settlement offer to which Ms. Pete did not respond, and Ms. Pete has not disputed that fact (Dkt. No. 35, at 2). Taking Ms. Pete's factual allegations in the operative complaint as true, Ms. Pete's request for declaratory relief is tied to the facts of this case.

In *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 (1983), the United States Supreme Court stated that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . *if* unaccompanied by any continuing, present adverse effects." *Id*. (*quoting O'Shea,* 414 U.S. at 495–496) (emphasis added).  Here, however, there is a continuing dispute between Ms. Pete and State Farm over the accident with Mr. Whisenant that has not been liquidated into any judgment, settlement, or other monetary recovery.  In other words, Ms. Pete alleges in the operative complaint that she is continuing to suffer adverse effects from her accident with Mr. Whisenant and will continue to do so until a settlement or judgment with State Farm is reached. The Court determines based on the record before it that Ms. Pete has standing to bring claims for declaratory relief.

State Farm also argues that Ms. Pete's request for declaratory relief is duplicative of her claim for breach of contract.  State Farm contends that, if Ms. Pete prevails on her claim of breach of contract, there will be no need for a declaration that State Farm has breached its policy of motor vehicle insurance it issued to Ms. Pete (Dkt. No. 33, at 18).  State Farm maintains that the "other issues" that Ms. Pete asks the Court to address in her declaratory judgment claim, such as whether it is unlawful to value UIM medical expenses with assistance of information concerning amounts paid to Medicare, are issues that Ms. Pete may raise in the context of the breach of contract and unjust enrichment claims (Dkt. No. 33, at 18-19).  The Court disagrees.  Under Federal Rule of Civil Procedure 57, "the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."  Here, unlike in *George's Inc. v. Lloyd's of London Syndicate 4000 Issuing Certificate Number CPP1877167*, there is not complete overlap between Ms. Pete's claim for breach of contract and Ms. Pete's claims for declaratory relief in her complaint at this stage of the litigation such that the claims are duplicative.  2020 WL 6829959, at *7.  Ms.

Pete asserts in her declaratory judgment claim that by failing to pay medical expenses State Farm violated Arkansas law (Dkt. No. 28, ¶ 92).  This claim is different from Ms. Pete's claim that by failing to pay medical expenses State Farm breached its contract with Ms. Pete (Dkt. No. 28, ¶¶ 40-59).

For these reasons, the Court denies State Farm's motion to dismiss Ms. Pete's claims for declaratory relief.

### IV.     Conclusion

For the above stated reasons, the Court grants, in part, and denies, in part, State Farm's partial motion to dismiss Ms. Pete's operative complaint (Dkt. No. 32).  The Court dismisses without prejudice Ms. Pete's tort of bad faith claim and claims for injunctive relief.  The Court denies State Farm's motion to dismiss Ms. Pete's claims for declaratory relief.

It is so ordered this 29th day of September, 2022.

_/s/ Kristine G. Baker_
Kristine G. Baker
United States District Judge